### MORSE et al. v. SCOTT et al.
### No. 12880.

Court of Civil Appeals of Texas. Dallas.
June 10, 1939.

Dissenting Opinion June 17, 1939.

Rehearing Denied July 15, 1939.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, and Hamilton, Harrell, Hamilton & Turner, of Dallas, for relators.

Marvin B. Simpson, of Fort Worth, and Thompson, Knight, Baker, Harris & Wright, of Dallas, for respondents.

LOONEY, Justice.

Relators, H. H. Morse and Mark McMahon, as trustees and independent executors of the last will and testament of Mrs. Elizabeth Scott (she having died on Sept. 20, 1938), applied to this Court for a writ of prohibition against Honorable W. L. Thornton, Judge of the 44th Judicial District Court of Dallas County, and an injunction against Mrs. Jessica Patterson Scott. The origin and nature of the proceedings, are these: On November 12, 1937, Jessica Patterson Scott filed in the District Court of Dallas County a suit for divorce against Winfield Scott, Jr., and, after setting up grounds for divorce, alleged that, she was without means of support, or an adequate home, had been forced to incur debts and liabilities for necessaries, claiming that she was entitled to alimony pending the suit and allowance of a reasonable amount as attorney's fees; she also alleged that, on February 20, 1925 (about six years before their marriage), her husband executed and delivered to his mother, Mrs. Elizabeth Scott, a deed conveying to her all his estate, both real and personal, including in said conveyance approximately 11,535 acres of land, lying partly in Tarrant and partly in Johnson Counties, commonly known and referred to as the "Scott Ranch", situated near Winscott, Texas, giving a general description of the lands and referring to the book and page of the deed records of Tarrant County, where the deed is recorded; that said conveyance was only in trust, the grantee therein, Mrs. Elizabeth Scott, agreeing to hold the properties conveyed for the use and benefit of the grantor, Winfield Scott, Jr., and to turn over to him all rents and revenues received from said properties and finally to reconvey the same to him.

Plaintiff made Mrs. Elizabeth Scott a party defendant to the divorce action, alleging that she was collecting and retaining the rents and revenues derived from said properties conveyed to her by her son, and refused to apprise plaintiff of the nature and extent of said holdings, concluding with a prayer to the effect that, pending suit, the defendant, Winfield Scott, Jr., be ordered to file an inventory of the properties owned by him; that he be ordered to pay into the registry of court, as alimony, $1,000 per month for plaintiff's support;

that, on final trial, Elizabeth Scott be declared a trustee of said properties so conveyed to her, holding same for the benefit of her son, the defendant, Winfield Scott, Jr.; that plaintiff be granted a divorce and a division of the community property, be allowed reasonable attorney's fees, and that the separate property of Winfield be charged for the benefit of plaintiff, in such an amount as the court may deem reasonable.

The defendants filed separate pleas of privilege to be sued in Tarrant County, where they resided and where the larger portion of the real estate is situated. These pleas were contested by the plaintiff and, on hearing, were overruled by the trial court, and appeals, by both parties, were perfected therefrom to this Court. On original submission, we affirmed the judgment of the trial court, but, on rehearing, while adhering to the decision as to Winfield Scott, Jr., a majority of the Court concluded that the trial court was in error in overruling the plea of privilege by Mrs. Elizabeth Scott, and that this Court erred in affirming the judgment as to her; hence, the majority concluded that, her motion for rehearing should be sustained; that the former judgment of this Court be set aside and judgment here rendered, sustaining her plea of privilege and transferring the cause for trial to a court of competent jurisdiction of Tarrant County. Tentative opinions having been filed, we certified to the Supreme Court, for adjudication, the questions of law involved, which were answered to the effect that Mrs. Elizabeth Scott was not a necessary party to the action by Mrs. Jessica Patterson Scott against Winfield Scott, Jr., and that Mrs. Elizabeth Scott could not be compelled over her plea of privilege to defend the action in the district court of Dallas County, thus sustaining the opinion of the majority; thereupon, on February 4, 1939, in harmony with the adjudication by the Supreme Court, we sustained the motion for rehearing filed by Mrs. Elizabeth Scott, set aside our former judgment affirming the judgment of the trial court as to her, reversed the trial court and rendered judgment sustaining her plea of privilege, changed the venue of the cause to a court of competent jurisdiction of Tarrant County, and directed the clerk of the court below, in consummating the change of venue, to be guided by the provisions of article 2020, R.C.S., Vernon's Ann.Civ.St. art. 2020. See Ex

Parte Scott, Tex.Sup., 123 S.W.2d 306 and Id., Tex.Civ.App., 126 S.W.2d 525.

Although our mandate issued and was filed below on April 5, 1939, a transcript of the orders of court and the original papers in the case, as to Mrs. Elizabeth Scott, had not been made up and sent to the clerk of the district court of Tarrant County on April 25, 1939, when plaintiff filed in the court below her second amended original petition, retaining as a nominal defendant (although deceased at the time) Mrs. Elizabeth Scott, reiterating the allegations of her original petition, except she alleged that, the "Scott Ranch" properties belonged to the community estate of plaintiff and Winfield, Jr., her prayer, however, being substantially for the same relief sought in her original petition, praying specifically that, defendant Elizabeth Scott, her administrators, executors, trustees and assigns be decreed to be trustees for defendant Winfield Scott, Jr., holding for his use and benefit said properties, and "that this Honorable Court appoint a receiver to take charge of said property hereinbefore described as the 'Scott Ranch', together with all improvements and livestock on said ranch, to operate the same, to collect the rents and revenues therefrom, to take charge of the profits derived therefrom, under such orders as this court may at this time and from time to time hereafter direct, and that a sufficient amount of the proceeds derived therefrom be used to liquidate or pay off the alimony accrued and owing to this plaintiff under the order of this court made the 20th day of January, 1938, and such future sums as may become due until final determination of this cause, and that this court issue such orders as are proper and necessary, fully authorizing said receiver to take complete charge and possession of said property known as the Scott Ranch, with improvements and livestock thereon, as hereinbefore described and the operation thereof." The court set the hearing on the application for the appointment of a receiver, for May 6, which was later reset for May 13, 1939.

On May 8, 1939, plaintiff filed a motion in the court below to dismiss the cause as to the defendant Mrs. Elizabeth Scott, which was sustained, and by order entered (date of the order not disclosed by the record), the cause was dismissed as to Mrs. Elizabeth Scott, without prejudice. In this connection, the district clerk certified that she had not transmitted to the clerk of the district court of Tarrant County copies of the orders of court and the original papers in the cause as to Mrs. Elizabeth Scott, as provided by art. 2020, R.S.

In this situation, on May 8, 1939, the Relators, H. H. Morse and Mark McMahon, in their capacities as independent executors and trustees under the last will and testament of Mrs. Elizabeth Scott, deceased, filed in this court an original application, alleging all the material precedent facts, seeking the issuance of a writ of prohibition against Hon. W. L. Thornton, Judge of the 44th Judicial District Court of Dallas County, and a writ of injunction against Mrs. Jessica Scott, prohibiting the District Judge from hearing, passing upon, or adjudicating any part of the cause of action asserted in said pleadings as against Mrs. Elizabeth Scott, her executors and trustees, and from entertaining and hearing the application for appointment of a receiver for the properties described as the "Scott Ranch", and from entering any orders in said cause in relation to the cause of action asserted by Mrs. Jessica Scott against Mrs. Elizabeth Scott, deceased, or as against her executors and trustees, and seeking to enjoin Mrs. Jessica Scott from further prosecuting in the 44th Judicial District Court of Dallas County, as against Mrs. Elizabeth Scott, deceased, or her executors and trustees, the cause of action, or any part thereof, theretofore asserted against her, and from further prosecuting the application for the appointment of a receiver for the "Scott Ranch" properties.

The contention of relators is, in effect, that, in applying for the appointment of a receiver of the "Scott Ranch" properties, vested with power and authority to take charge, operate, manage, control same, and collect rents and revenues therefrom, Mrs. Jessica Scott is seeking to have the court below take cognizance of and assert jurisdiction over a part of the cause of action, venue of which heretofore has been adjudicated against her and changed to the district court of Tarrant County; therefore, Relators pray that Mrs. Jessica Scott be enjoined from the further prosecution of the application for the appointment of a receiver in the district court of Dallas County, as the appointment of a receiver, with authority as prayed, that is, to take possession, manage, and collect rents and

revenues from said properties, in effect, would be to wrest said properties from the possession and control of the representatives of the estate of Mrs. Elizabeth Scott, without an adjudication in a court of proper venue as to the legal right to do so, hence, in effect, would be to circumvent and defeat altogether the judgment of this Court changing the venue of said cause to the district court of Tarrant County; and for the reasons stated, Relators seek a writ of prohibition against Hon. W. L. Thornton, prohibiting him from taking further cognizance of or hearing plaintiff's said application for the appointment of a receiver.

■ The allegation of plaintiff's second amended petition, to the effect that the Scott Ranch is the community property of plaintiff and her husband, Winfield, Jr., is, in our opinion, simply a conclusion. No fact or facts are alleged showing that, the property or any part thereof was acquired during their marriage; on the contrary, the showing indubitably is that the legal title to the Scott Ranch lands was in Mrs. Elizabeth Scott for more than six years prior to the marriage of Jessica and Winfield, Jr., and, at this time, rests in the estate of Mrs. Elizabeth Scott.

■ Notwithstanding venue of the cause, for trial on its merits, had been changed to a court of proper jurisdiction of Tarrant County, we are of opinion that plaintiff therein had the legal right to dismiss her cause of action as to Elizabeth Scott (in effect, as to her estate) in the district court of Dallas County, as was done, without complying with the useless and expensive procedure of first having the clerk of the court below send to the district clerk of Tarrant County, certified copies of the orders of court and the original papers in the case. The following authorities, in our opinion, sustain the proposition: 43 Tex.Jur., Sec. 80, p. 807; Collins v. Herd, Tex.Civ.App., 295 S.W. 216; Atlantic Oil etc. Co. v. Jackson, 116 Tex. 570, 296 S.W. 283; Cooper v. Colorado etc. Co., Tex.Civ.App., 298 S.W. 612, 613; Watson Co. v. Cobb Grain Co., Tex. Com.App., 292 S.W. 174, 177; Rex Refining Co. v. Morris, Tex.Civ.App., 72 S.W.2d 687, 689; First National Bank v. Hannay, 123 Tex. 203, 67 S.W.2d 215; Gladden v. Thurmond, Tex.Civ.App., 77 S.W.2d 703.

■ However, as the judgment of this court definitely adjudicated the right of Mrs. Elizabeth Scott (hence the right of the representatives of her estate), to have the issues as to the ownership and right to the possession, control, etc., of the Scott Ranch properties tried in a court of proper jurisdiction of Tarrant County, that matter became res adjudicata and cannot now be disturbed or circumvented by formally dismissing the cause as to Mrs. Elizabeth Scott in the court below, yet persisting in the effort to get control of the property without an adjudication, by having a receiver appointed, vested with the authority as hereinbefore set out; thus seeking to accomplish indirectly what she had been forbidden to do directly.

A receiver of the Scott Ranch properties could not be appointed, except on the assumption that they belong either to Winfield Scott, Jr., in his separate right, or to the community estate of the spouses. The appointment, based on either assumption, with authority to take possession, under the orders of court, and manage, control and collect the rents from said property, necessarily would obstruct and interfere with our judgment—in effect, would circumvent and defeat it altogether.

■ That this Court is fully authorized to prohibit any proceeding that frustrates, interferes with, or that tends to defeat the enforcement of its judgment, until completely executed, is undoubted. See City of Palestine v. City of Houston, Tex.Civ. App., 262 S.W. 215; Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224; Conley v. Anderson, Tex.Sup., 164 S.W. 985.

In Hampton v. Williams, 8 Cir., 33 F.2d 46, 47 (an original application for prohibition), the Circuit Court of Appeals, through Circuit Judge, Stone, said: "Respondents contend that transfer under this section is a question only of venue and not of jurisdiction. A question of venue may ripen into one of jurisdiction. If a controlling statute provides that upon the occurrence or doing of certain things the venue in one court shall cease and that of another shall begin, such happening or performance takes jurisdiction away from the one court and lodges it in the other to the extent contemplated by the statute and any attempt by either court to act therein beyond such limits is in excess of its existing jurisdiction and may be prevented by the writ of prohibition." To same effect, the Supreme Court of Washington, in State ex rel. Rucker v. Stallcup, 11 Wash. 713, 40 P. 341, said: "Where defendant is entitled to have the action tried

in the county of his residence, having complied with the statutory provisions necessary to entitle him to such removal, the court will be prohibited from proceeding further in the case, except to cause it to be certified in the proper county."

If it be said that Relators have an adequate remedy, in that, if a receiver is appointed and should attempt to take possession, control and management of the Scott Ranch properties, as prayed, Relators could apply to a court of proper jurisdiction for a writ of injunction to restrain such action on the part of the receiver, we agree that such remedy would exist, but, in our opinion, it would prove wholly inadequate. We do not think Relators should be put to the expense, trouble and incidental delay of prosecuting other actions, simply to vindicate the conclusiveness of the litigation already had. In 50 C.J., Sec. 56, p. 682, the doctrine is announced that prohibition may be granted notwithstanding the existence of another remedy: "Thus, if the proceedings complained of are clearly beyond the jurisdiction of the inferior court or tribunal, and must ultimately be held to have been mistaken, prohibition should issue before the party aggrieved is put to the difficulties that would be raised, and the court to the inconvenience that would ensue, by permitting such proceedings to continue." Also, in Section 57, p. 683, it is said: "Prohibition may issue notwithstanding another remedy for the grievance complained of is available if such other remedy would not afford complete and adequate relief. To be adequate the concurrent remedy must be sufficient to afford the relief the case demands. * * * The court may properly consider the expense involved in the prosecution of other remedies, or the delay or inconvenience incident thereto. The fact that the action complained of is about to be taken in violation of express statutory provisions may be considered."

So, we conclude that Relators are entitled to the relief sought, therefore the writs of prohibition and injunction will issue as prayed, and it is so ordered.

BOND, Chief Justice (dissenting).

This is an original application in this Court for a writ of prohibition against an official of this state, a district judge, whose acts in the premises complained of are necessarily guided and controlled by the Constitution and laws of this state, review-

able, as I interpret the law, only after trial, on appeal by an aggrieved party to the action. It cannot be assumed that a district judge will knowingly do an unlawful act, in appointing a receiver to exercise plenary powers over, take charge of, and administer property belonging to one not a party to the suit, without his day in court, and against whom no complaint is made by the complaining party. A district judge has statutory and inherent rights, as a trial court, to hear and determine the merits of a controversy between parties to a suit, and render such judgment as, in his opinion, is warranted under the law and facts adduced on trial. Errors in judgment may well be expected; it would be unnatural if such did not occur in the discharge of official duties. The statute recognizes imperfection in granting to aggrieved parties the right of appeal.

Appellate courts are without jurisdiction to stay the hand of a district judge in the discharge of official duties; any attempt to do so would be a usurpation of power. The jurisdiction of the courts of civil appeal is appellate and, until a trial court has committed, or threatened to commit an act beyond its jurisdiction, appellate courts have no authority to enjoin or prohibit an orderly trial and rendition of judgment on law and facts. Such is the province of a trial court and cannot be taken away or abridged in the manner here suggested. Until the Legislature has enacted a statute, in conformity to the Constitution, conferring such authority upon appellate courts, I shall content myself with the law as written, conceiving it to be the duty of this Court to decide appeals after other agencies of the state have fully determined the controversial fact issues.

The respondent, Jessica Patterson Scott, filed in the District Court of Dallas County, presided over by the Honorable W. L. Thornton, suit for divorce against Winfield Scott, Jr., alleging sufficient facts, if sustained by proof, to authorize the granting of a divorce; and, further alleging that her husband owned, in his own right, a vast estate consisting of lands and personal property, worth approximately $1,000,000, in which she claims a vested and contingent interest. She originally vouched into the suit Elizabeth Scott, as claimant to the property under deed from Winfield Scott, Jr., regular in form, but which was, in fact, a trust arrangement for the use and benefit of Winfield Scott, Jr., husband of

plaintiff. The merits of that controversy are yet to be tried in courts having jurisdiction of the cause and venue of the parties.

The defendants interposed pleas of privilege, which, on hearing, were overruled by the trial court. The present action demonstrates to my mind that the trial court correctly held venue of the cause in the related action to enable plaintiff to get full relief in the cause alleged. This conclusion is sustained in a recent case of Pioneer Building & Loan Ass'n v. Gray, Tex.Com. App., 125 S.W.2d 284, 287, by Judge Hickman, adopted by our Supreme Court, in which is held that every party whose joinder is necessary to secure full relief, is a necessary party to the action.

It will be noted in the above cited case that a third party, Gray, claimed an interest in land which plaintiff sought to recover by foreclosure proceedings against another. All claimants to the land were made parties to the suit. Such was the Scott case: Plaintiff sought to establish and recover her marital rights, or liens, on lands alleged to belong to her husband, and claimed by a third party, Elizabeth Scott. To secure "full relief", as in the Gray case, supra, plaintiff vouched into the suit all parties claiming an interest in the land. In the Gray case, the Supreme Court held that the third party, claiming the land, was a "necessary party" to the action, to enable plaintiff to secure "full relief"; whilst, in the Scott case, the court held that the third party was not a "necessary party". In the Gray case, the court said: "In the case at bar the plaintiff had the absolute right, as against the mortgagors, under subdivision 5 of Article 1995 [Vernon's Ann.Civ.St.], to maintain a suit upon its note and to foreclose its lien in McLennan county. In order to secure that right and make fully effective a decree of foreclosure, Gray was a necessary party. Without his presence in the suit no effective decree could be entered enforcing the rights which appellant had under his contract with the mortgagors. Limited relief could be obtained against the executrix alone, but not that character of relief to which appellant was entitled under its contract. If, for instance, the mortgagee should become the purchaser at the foreclosure sale against the executrix alone, it would merely acquire the right to pursue the property in the hands of Gray by an action of foreclosure against him. No writ of possession good as against Gray,

the party rightfully in possession, could issue under a judgment of foreclosure and order of sale in an action to which he was not a party. In short, no effective decree could be rendered enforcing the substantial rights acquired by appellant under its contract and secured to it by subdivision 5. Only by abandoning some of the substantial rights granted it by that subdivision could it avail itself of the benefits of subdivision 29a, if that subdivision is to be given the narrow construction insisted upon by appellee. We do not ascribe to the Legislature an intention to enact a statute of such limited operation. Rather, we think it was clearly its intention to preserve to a plaintiff every substantial right given him under all of the other subdivisions of Article 1995 by permitting him to join as parties defendant all persons necessary to the enforcement of his full cause of action. The very language of subdivision 29a compels that construction. In effect it provides that, if a suit is lawfully maintainable in a county where it is filed as against one of the defendants, then 'such suit' is maintainable in such county against any and all necessary parties thereto. The clear meaning of that language is that a plaintiff may maintain against all necessary parties the same suit which he may maintain under any other exception of Article 1995 against any one party, and every party whose joinder in the suit is necessary to the securing of full relief in 'such suit' is a necessary party in the sense that term was used in subdivision 29a. More specifically stated, as applicable to the case before us, appellant has the right, as against the executrix, to maintain venue in McLennan county and, if successful in the suit, to have an order of sale with the force of a writ of possession issued. By exception 29a he is entitled to join every party in the suit whose presence therein is necessary to the securing of that same effective relief. Gray is such a party, and is therefore properly joined under exception 29a."

By analogy, if Gray was a "necessary party" in the cited case to enable the plaintiff to get effective relief, then why was not Elizabeth Scott a "necessary party" to enable Jessica Patterson Scott to get full relief in her suit? The Gray suit was maintainable against the mortgagors under subdivision 5, Article 1995; and the Scott case, a divorce suit and contingent rights, was maintainable under subdivision

16, Article 1995, in the county where the suit was brought.

On appeal from the judgment overruling defendants' pleas of privilege, this Court, by a majority opinion (Scott, et al. v. Scott, Tex.Civ.App., 126 S.W.2d 525, 530), affirmed the judgment of the trial court as to Winfield Scott, Jr., holding venue as to him, and the property involved, in Dallas County; and, as to Elizabeth Scott and her claim to the same property, the venue was changed to Tarrant County. Venue alone was involved in that appeal, and it will be seen that, in the opinion, Judge Looney, speaking for the majority, after reviewing authorities, said: "* * * as between the spouses the court may adjudicate their rights in or to the property so held or claimed by another, and that such a decree would be binding upon all persons, except the third party allegedly holding or claiming the property, and as to him, the spouse in whose favor a decree is rendered could proceed in a court of proper venue to have title to the property so held, adjudicated." Concurring in the opinion, Judge Young also said: *"All of plaintiff's demands against Winfield Scott, Jr., can be established by a judgment for whatever amounts the facts may warrant, without prejudice to any right to a later recovery of plaintiff's community interest, as fixed in such judgment, if in the possession of a third party.* 15 Tex.Jur. (Divorce) Sec. 136, page 626; Whetstone v. Coffey, 48 Tex. 269." (Italics mine.)

Why, in the Gray case, is one suit maintainable against all adverse parties, and in the Scott case two suits are necessary; one against Winfield Scott in Dallas County, and another against Elizabeth Scott in Tarrant County, before Jessica Patterson Scott, plaintiff in the suit, could get full relief in her suit; if sustained by proof? In the language of Judge Hickman in the Gray case: "We shall not undertake to demonstrate that these opinions may or that they may not be fully harmonized. In each of these cases suit was brought in the county of the domicile of one defendant and venue was governed by exception 4, and no intent to overrule the opinion in the Heid Bros. case [Commonwealth Bank & Trust Co. v. Heid Bros.] [122 Tex. 56, 52 S.W.2d 74, 75.] appears in the opinion in the Pierce case [First Nat. Bank of Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756]". So here, I will not attempt to demonstrate the inharmonious holdings in the Gray case and the Scott case.

The plaintiff, Jessica Patterson Scott, bowed to the decision of the majority, and on return of mandate, dismissed her suit as to Elizabeth Scott, thus abandoning for the time the action against said defendant and her property, as plaintiff had a legal right to do; and, thereafter, with leave of the court, filed an amended petition alleging, among other things, that "the 11,535 acres of land known as the 'Scott Ranch' was the separate and community property of herself and the defendant, Winfield Scott, Jr., and that the improvements and livestock thereon were community property of the spouses." She also alleged in the amended petition sufficient grounds for the appointment of a receiver to take charge of the property, if sustained by proof. Plaintiff's right in the property, and the appointment of a receiver, are contingent on proof that the property is impressed with the claims of the plaintiff, to be determined by the Honorable W. L. Thornton, Judge of said Court. It must be presumed that that Honorable Court will require proper proof of plaintiff's right to a receiver to take charge of property found to belong to Winfield Scott, Jr., and to exercise such authority over it as the trial court may, in his discretion, order. It is not within the power of this Court to prejudge the action of the trial court, or the scope of authority with which the court may clothe his receiver, if, forsooth, one should, in fact, be appointed, after an orderly legal trial.

Indeed, plaintiff alleges in general terms that the "Scott Ranch" is the separate and community property of plaintiff and defendant, a conclusion of the pleader; but, when has it ever come to pass that one, not a party to the suit, can raise the question as to the generality of plaintiff's petition? It has always been held that general allegations, in the absence of special exceptions, will support introduction of testimony showing the full strength of plaintiff's demand.

The relators herein, H. H. Morse and Mark McMahon, legal representatives of the estate of Elizabeth Scott, deceased, are not parties to the suit of Jessica Patterson Scott against her husband. So, it is not within their power to interpose objections to the form and manner of the pleadings against defendant, Winfield Scott, Jr. They are not aggrieved parties to any ac-

1048

tion now pending, or threatened action to involve their rights. The record here shows that Winfield Scott, Jr., is a fugitive from civil justice, having been legally condemned by the courts of this state for violation of the orderly processes of the trial court. The respondent, Jessica Patterson Scott, seeks appointment of a receiver of Winfield Scott's land, to protect her interest therein, and to enforce the due orders of the court made against him. I think she should have a right, at least, to the privileges of trial on the issues raised in her pleadings, without intervention of any injunctive order of this Court which, in effect, holds, without trial before any fact finding agency, that the legal title to the land is in Elizabeth Scott's estate. It is clear that, should a receiver be appointed, after hearing, appeal by an aggrieved party lies to this Court; or, if the receiver thus appointed takes possession, or attempts to do so, of property belonging to the estate of Elizabeth Scott, a remedy by injunction is available to the relators, on application to a court having jurisdiction—a clear and adequate remedy at law.

Finding myself unable to agree with my associates on the application here presented, I respectfully enter my dissent.