**SOUTHWESTERN LIFE INS. CO. v. SANGUINET.**

No. 15145.

Court of Civil Appeals of Texas.
Fort Worth.

June 9, 1950.

Rehearing Denied July 14, 1950.

James P. Swift, J. L. Walsh, Jr., and Paul McCarroll, Dallas, for appellant.

Fay W. Prescott, Fort Worth, for appellee.

SPEER, Justice.

The subject of this suit is a life insurance policy. The controversy is, who is entitled to the proceeds and how, when and where shall the provisions of the contract be enforced.

From the pleadings of all parties and certain stipulated facts, it is quite apparent that Southwestern Life Insurance Company had issued its policy of insurance for $1,000 on the life of Robert Marshall Sanguinet, naming Nannie Mary Sanguinet, wife of the insured, as beneficiary. This policy was in effect at the time of the death of insured from drowning on August 29, 1949; he left no will. Insured had borrowed $28.70 on the policy and that amount was properly deductible from the face of the policy.

The insured and his wife (the beneficiary) were divorced in December, 1948, and the wife was awarded full custody of their only child, James Robert Sanguinet, a minor, and it was decreed that the husband pay $10 per week for the support of the child until he became sixteen years of age. Insured had made all payments of support until the date of his death.

Shortly after the death of the insured, W. M. Sanguinet, Sr., was appointed temporary administrator of deceased's estate. Both the named beneficiary wife and the administrator made demands on the insurance company for payment. The Company advised both claimants of its willingness to pay if they could agree upon which was entitled to receive it. No agreement could be reached.

On September 28, 1949, Southwestern Life Insurance Company filed an interpleader action in a district court of Dallas County, naming as defendants the above named administrator residing in Dallas County, and the wife, a resident of Tarrant County. Confession of liability was made in the petition by the Company and full amount due was paid into the registry of the court, with prayer for an adjudication determining the rightful owner and for a reasonable attorney's fee. When the interpleader suit was filed, its attorney advised the clerk to withhold issuance of citation until further notice. On the same day the petition was filed, the attorney for the Company wrote the attorneys for the two claimants with whom he had had previous correspondence, advising them of the filing of the suit, sent each a copy of the petition of interpleader and advised that he had not ordered citation issued under the belief that each would prefer to answer and thus save court costs and expenses. Neither of the defendants replied to the letter, nor did either file answer. The Insurance Company thereafter, on October 20, 1949, procured the issuance of process and caused it to be promptly served on the administrator and on Nannie Mary Sanguinet, the named beneficiary.

In the meantime, to wit, on October 15, 1949, Nannie Mary Sanguinet instituted the suit from which this appeal came in Tarrant County against the Insurance Company, seeking a recovery for the amount due on the policy, and by appropriate allegations sought recovery of statutory penalties and attorney's fees for failure of the Company to make prompt payment.

The Insurance Company (defendant in the instant case) answered by plea in abatement and exceptions to the court's exercising jurisdiction in the controversy on account of the pending suit; the material parts of the pending petition in Dallas County were set out at the time of filing the plea in abatement. Defendant further answered, subject to and insisting upon its plea in abatement and exceptions, admitting the issuance of the policy and its liability thereon and again asserted the existence of the Dallas County case, re-affirming substantially all that it had asserted in that petition.

The court heard the plea in abatement and exceptions and entered an order overruling them and postponed the hearing on the merits until a later date, stating that before the date set for trial defendant could amend and make new parties if it so desired. Defendant timely excepted to the overruling of the plea and exceptions to the exercise of jurisdiction.

The Insurance Company thereafter filed its first amended answer, which contained this language: "without waiving its exception to the action of the court in overruling this defendant's plea in abatement filed herein on October 25, 1949 but intending expressly to reserve such exception * * *" Then followed a reference to the plea and the stipulation of facts when the plea was heard and overruled. In the amendment the administrator of deceased's estate was made a party to the end that at a trial on the merits the court could dispose of the respective interests of the parties claiming the proceeds of the policy.

The administrator answered, claiming the proceeds for the estate he represented under allegations, among which was one that the beneficiary (the wife) had no insurable interest in the life of deceased. We think it unnecessary to give more of the details of the administrator's answer.

Testimony during the trial developed that the attorney for Mrs. Sanguinet had filed a claim with the Company for the minor son, James Robert Sanguinet, but had later withdrawn it, and then the Company filed a trial amendment setting up such facts and asked that the minor be made a party defendant. Mrs. Sanguinet was his legal guardian but the court appointed a guardian ad litem to answer and represent his interest. An answer was filed claiming the proceeds of the policy as the only heir of insured; the answer asserted however that if the mother was awarded the proceeds he made no claim thereto in his own right.

Trial on the merits was had to the court. Judgment was awarded to Nannie Mary Sanguinet for the proceeds of the policy but no penalty or attorney's fees were allowed and the costs were taxed against her. The administrator was denied a recovery. Attorney's fees to the Insurance Company were denied. All parties excepted to the judgment and gave notice of appeal. The Insurance Company alone perfected an appeal to this court. No findings of fact or conclusions of law were requested or filed.

Appellant (Insurance Company) presents three points of error. They are in substance: Error of the court in overruling its plea in abatement, its exceptions to the exercise of jurisdiction, and failure of the court to allow it attorney's fees when the case was tried on its merits.

We have concluded that the first two points are well taken. This requires a reversal of the judgment. If we are correct in this, we do not reach the third point, nor the several cross-points urged by appellee, plaintiff below.

 Under our system of judicial procedure, our district courts have coordinate jurisdiction and our rules of practice require that such courts accord comity to each other to avoid a multiplicity of suits and to prevent different judgments being entered between the same parties upon the same issues. To accomplish these things,

it is the recognized rule in this state that the court first acquiring jurisdiction retains it to the exclusion of all other similar courts until the issues are tried and determined. Texas Trunk Ry. Co. v. Lewis, 81 Tex. 1, 16 S.W. 647, 26 Am.St.Rep. 776; Sparks v. National Bank of Commerce, Tex.Civ.App., 168 S.W. 48, writ dismissed; Benson v. Fulmore, Tex.Com.App., 269 S.W. 71; Cleveland v. Ward, Judge, 116 Tex. 1, 285 S.W. 1063; Cook v. Gregg, Tex.Civ.App., 226 S.W.2d 146; Wheelis v. Wheelis, Tex. Civ.App., 226 S.W.2d 224. In Way v. Coca Cola Bottling Co., 119 Tex. 419, 29 S.W.2d 1067, the above rule was reiterated, based on cited cases by that court decided over a hundred years ago. The court further announced in the last cited case that the doctrine applied to courts first acquiring jurisdiction, "not only as to the defendants then called to answer, but as to any and all other parties, proper or necessary, to the final adjudication of the subject matter involved therein."

There can be no doubt that when a party desires to challenge the right of one district court to exercise its potential jurisdiction when another suit is pending in another district court of this state between the parties involving the same subject matter, that the proper remedy is by a timely objection and exception to the jurisdiction of the court in the form of a plea in abatement setting out the facts. The appellant followed this procedure in the instant case. See 1 Tex.Jur., p. 93, sec. 67, 1 Tex.Jur., 10 year supp., p. 10, sec. 67. The authorities cited in the footnote of each are too numerous to set out here. We call special attention to the cases of Cleveland v. Ward, Judge, 116 Tex. 1, 285 S.W. 1063, and Long v. Long, Tex.Civ.App., 269 S.W. 207, each of which cases covers substantially all of the relevant matters now before us.

Appellee argues that appellant abandoned its plea in abatement when it amended its answer in the instant case and omitted the plea. Many authorities are cited in support of that contention. The cited cases are to the effect that an amended pleading supplants the former one. No fault can be found with these holdings but

that is not the situation before us. The plea in abatement was a separate pleading and was independent of the original answer filed. The answer was filed subject to the plea in abatement. The court heard and acted upon the plea and disposed of it, to which action the appellant excepted. When the court required appellant to go to trial on the merits, it filed the amended answer, specially reserving its exceptions to the ruling on the plea. After the court had overruled the plea in abatement, the appellant could do no more than preserve its exceptions to the court's former rulings throughout the remainder of the trial, and was not required to renew the plea and procure another ruling on it with each amended pleading. We are cited to no law requiring this and we have found none.

Appellee further contends in support of the action of the court in overruling the pleas to the jurisdiction and in abatement that appellant did not "commence" a suit in Dallas County involving the subject matter before us by filing a petition of interpleader and then instructing the clerk to withhold process until further notice. The manner and conditions surrounding these acts by appellant are largely controlling on this appeal.

There are authorities in other jurisdictions which tend to support appellee's contentions but they are in conflict with the recognized principles of our own adjudicated cases and we shall not now relax our own adjudicated construction of our statutes and rules of civil procedure.

Prior to the adoption of our present rules of civil procedure, Article 1971, R.C.S., provided: "Civil suits in the district and county courts shall be commenced by petition filed in the office of the clerk." That statute was superseded by Rule 22, Texas Rules of Civil Procedure, which is in substantially the same language, and the Rule will be given the same interpretation as the courts have given to the former statute.

It has been repeatedly held by our courts that the filing of a petition in a court of competent jurisdiction with the bona fide intention of the party filing to

prosecute same to a conclusion is the commencement of a civil suit, such as the one before us. Camp v. First National Bank of Alpine, Tex.Civ.App., 195 S.W. 217; Long v. Long, Tex.Civ.App., 269 S.W. 207; Cleveland v. Ward, Judge, 116 Tex. 1, 285 S.W. 1063. Appellee contends that since the appellant instructed the clerk to withhold the process until further notice the filing of the petition did not commence such suit in Dallas County; in other words, that the delay in issuing process at the request of the plaintiff in that suit destroyed its bona fide intention to, in good faith, prosecute the same to its final termination. In some respects this contention by appellee would raise a mixed question of fact and law. The facts involved here in this respect are stipulated by the parties and in such circumstances the fact issues are removed and the question becomes one of law. There was no room for reasonable minds to differ as to the conclusion of fact to be reached.

The pertinent stipulated facts upon presentation of the pleas to the jurisdiction and abatement were in substance that on September 28, 1949, appellant filed its petition of interpleader in the Dallas County district court against appellee and W. M. Sanguinet, Sr., as temporary administrator of the estate of insured; that suit involved the same issues and subject matter presented in the instant suit; at the time suit was filed in Dallas County appellant deposited in the registry of the court the full amount due and owing on the policy contract and also paid to the clerk of the court a sufficient amount to cover court costs, including issuance and service of process on the named defendants; that when the petition was filed counsel requested the clerk to withhold issuance of process until further notice from him; on the date of the filing appellant's counsel wrote the attorneys for defendants notifying them of the filing and requested them to answer, thus saving court cost; process was issued on October 20, 1949, and promptly served on defendants after appellee had filed the present suit in Tarrant County, Texas; that the Dallas County district court suit was still pending, not having been abandoned or otherwise disposed of and that the plaintiff (appellant

here) "intends in good faith to prosecute the same to final judgment. The trial and judgment in said suit pending in Dallas County will be determinative of and will finally dispose of all issues presented in this suit."

■ It is our opinion that when the parties stipulated that the Dallas case was filed prior to the instant one, was still pending, that a trial of that case would be determinative of all controversies in the instant case and that appellant intends in good faith to prosecute that suit to final judgment, every possible fact issue arising from all the circumstances as to whether or not the filing of that suit conferred upon the Dallas County district court jurisdiction to the exclusion of all other courts, including that of Tarrant County, was foreclosed as far as the facts were concerned. Thus, it became the sole function of the trial court in this case to apply the law. The applicable law compelled sustaining the plea in abatement. As held in Cleveland v. Ward, supra, the filing of the suit in Dallas County, when timely called to the attention of the court in this case, in law, abated the subsequently filed suit in Tarrant County.

■ Since the Tarrant County district court acquired no jurisdiction in the instant case other than to abate and dismiss it, all other orders, judgments and decrees entered on the merits were void and can be given no effect by us. Such judgments were declared void under similar situations in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1069, and in Way v. Coca Cola Bottling Co., 119 Tex. 419, 29 S.W.2d 1067.

There are other points and counterpoints presented by both appellant and appellee which raise matters presented by the judgment as entered, but since under the cited authorities all decrees in the final judgment were void for lack of jurisdiction of the court to hear this cause, we express no opinion on either of such points or counterpoints.

■ All material facts pertaining to the jurisdiction of the trial court being stipulated, conclusively showing that the pleas to the jurisdiction and abatement should have

been sustained, we reverse the judgment and here render judgment for appellant, Southwestern Life Insurance Company, sustaining the pleas to the jurisdiction and in abatement and dismissing appellee's suit in Tarrant County without prejudice. Reversed and rendered.