**ROGERS et al. v. WATERS et al.**

No. 12728.

Court of Civil Appeals of Texas.

San Antonio.

April 28, 1954.

Cecil, Keith & Mehaffy, Beaumont, for appellants.

Jerry D'Unger, Lawrence J. Berger, Earl H. Waters, Corpus Christi, for appellees.

POPE, Justice.

S. J. Rogers and N. Jay Rogers, residents of Jefferson County, have filed a petition for a writ to prohibit Earl H. Waters, his attorneys and the district judge of Nueces County from interfering with this Court's judgment and jurisdiction.

On November 4, 1953, this Court reversed and remanded Cause No. 12583, styled S. J. Rogers et al., Appellants, v. Earl H. Waters, Appellee. We ordered the case transferred from Nueces County to Jefferson County. Venue in that case was controlled by Section 5 of Article 1995, Vernon's Ann.Civ.Stats., as appears from the reported case, 262 S.W.2d 521. The case was transferred to Jefferson County in December of 1953. On April 5, 1954, S. J. Rogers and N. Jay Rogers filed an amended answer and cross-action in the suit. On April 6, 1954, Waters, who was plaintiff in the original case, filed a second suit in Nueces County against S. J. Rogers and N. Jay Rogers.

The second suit filed by Waters in Nueces County is grounded on the same contract as his first suit. When Waters filed his second suit, he also presented a notice to show cause to the district judge. The court took jurisdiction and ordered the notice to issue commanding relators to appear and show cause why a temporary injunction should not be issued against them. Relators immediately filed these proceedings to prohibit what they claim is an interference with this Court's former judgment and jurisdiction.

The writ of prohibition is granted. This Court has determined by the former appeal that Jefferson County is the place for a determination of the rights between Waters and the relators, arising out of the contract declared upon. By force of our judgment, the original suit was transferred and it now stands on the docket of a district court in Jefferson County, with the respondent as plaintiff, asserting the same rights as those he asserts in his new suit in Nueces County. Respondent has been unable to advise us of any exception to Article 1995, other than Section 5, that has been invoked by the new suit. The suit is grounded on the same contract; it concerns the same venue matters between the same parties. This second suit interferes with, thwarts and frustrates our former judgment.

The only reason given why the writ of prohibition should not be granted is that relators can plead our former judgment by way of a plea to abate or a plea of res adjudicata in the second suit filed in Nueces County. From a judgment, there could ultimately be an appeal to this Court, whereupon we could again pass on the same venue matter between the same parties, involving the same contract, and we could again order the case transferred to Jefferson County. Morse v. Scott, Tex.Civ.App., 130 S.W.2d 1041, 1044. Such a method, with its waste of time and money, and the resultant confusion generated by dual proceedings in Jefferson and Nueces Counties, would ulti-

mately result in the solution of the matter. A simpler solution of the problem is for this Court to enforce its former judgment. See Southwestern Life Insurance Company v. Sanguinet, Tex.Civ.App., 231 S.W.2d 727.

Morse v. Scott, Tex.Civ.App., 130 S.W. 2d 1041, 1044, discussed a litigant's right to a writ of prohibition when an effort was made to circumvent an existing judgment. The Court said:

"That this Court is fully authorized to prohibit any proceeding that frustrates, interferes with, or that tends to defeat the enforcement of its judgment, until completely executed, is undoubted. See City of Palestine v. City of Houston, Tex.Civ. App., 262 S.W. 215; Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224; Conley v. Anderson, Tex.Sup., 164 S.W. 985.

"In Hampton v. Williams, 8 Cir., 33 F.2d 46, 47 (an original application for prohibition), the Circuit Court of Appeals, through Circuit Judge, Stone, said: 'Respondents contend that transfer under this section is a question only of venue and not of jurisdiction. A question of venue may ripen into one of jurisdiction. If a controlling statute provides that upon the occurrence or doing of certain things the venue in one court shall cease and that of another shall begin, such happening or performance takes jurisdiction away from the one court and lodges it in the other to the extent contemplated by the statute and any attempt by either court to act therein beyond such limits is in excess of its existing jurisdiction and may be prevented by the writ of prohibition.' To same effect the Supreme Court of Washington, in State ex rel. Rucker v. Stallcup, 11 Wash. 713, 40 P. 341, said: 'Where defendant is entitled to have the action tried in the county of his residence, having complied with the statutory provisions necessary to entitle him to such removal, the court will be prohibited from proceeding further in the case, except to cause it to be certified in the proper county.' "

The District Court of Jefferson County has acquired jurisdiction of this contro-

versy. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063. We have already written our judgment on the venue matter and we see no occasion to write it again. We do not operate on the principle that two judgments are better than one. If our former judgment may be temporized, perhaps our second or third one could be also. Relators are entitled to a writ of prohibition forbidding further proceedings in the cause pending in the District Court of Nueces County. The writ shall not issue unless this Court is advised further that this judgment is disobeyed.

Relators' petition for writ of prohibition granted, but not issued.