**LOWER NUECES RIVER WATER SUP-PLY DISTRICT, Relator,**

v.

**Holman CARTWRIGHT et al., Respondents.**

No. 12944.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 21, 1955.

Rehearing Denied Oct. 19, 1955.

Baker, Botts, Andrews & Shepherd, Houston, Wood & Pratt, Corpus Christi, John S. Sellingsloh, Houston, Fischer, Wood, Burney & Nesbitt, Potter & Cooper, Corpus Christi, for relator.

R. E. Schneider, Jr., George West, Harry J. Schulz, Three Rivers, respondents.

NORVELL, Justice.

The relator as appellant was the successful litigent in Cause No. 12783, on the docket of this Court, styled Lower Nueces River Water Supply District v. Cartwright opinion reported in 274 S.W.2d 199. Relator complains that respondents, Cartwright et al., have filed another suit (Cause No. 4002) in the District Court of Live Oak County in which they seek to re-litigate issues and matters determined by this Court's judgment. Respondents concede that if said Cause No. 4002 in effect raises only issues determined by this Court in the prior litigation, the writ should issue as prayed for. However, they contend that as the City of Corpus Christi was not a party to the first suit, but was named a defendant in the second suit, they are entitled to litigate the question of the district's right to construct the proposed Wesley Seale dam across the Nueces River.

The question presented is a narrow one. The petition filed in said Cause No. 4002 is practically identical with the trial petition in the former cause, except that the City of Corpus Christi has been made a party defendant and one Paul A. Vogler, Jr., suing as a taxpayer, has been substituted as a party plaintiff for A. P. McMurtry. The injunctive relief prayed for is a perpetual order "restraining and enjoining *Defendant City* and Defendant District * * * from constructing said Wesley Seale Dam and Reservoir in such manner as to cover, inundate or submerge any lands owned by these plaintiffs * * *." With the exception of the above italicized words, this prayer for injunction is the same as the prayer contained in the trial petition which was before us in Cause No. 12783.

Respondents concede that this Court, by its former judgment, determined that the relator was a validly created district, possessing the power of eminent domain over lands outside its territorial boundaries and hence could legally acquire the properties of respondents for a dam and reservoir site under the power of eminent domain. They, however, assert that the district's right to build the Wesley Seale Dam could not have been and was not determined in the former suit. Respondents reason thusly: The proposed reservoir must be filled by water originally acquired under appropriative permits by the City of Corpus Christi and assigned to the district. Such permits are to some extent invalid or inoperative. The district as assignee of the City, does not hold sufficient appropriative rights for the amount of water required to fill the reservoir which would be created by the proposed dam. It would therefore be illegal to build the dam and hence the power of eminent domain should not be employed to acquire lands upon which to build the same. As an essential part of this argumental structure is the assertion that in a suit between Vogler and the City of Corpus Christi and its assignee, the validity and extent of the City's appropriative permits could and should be determined.

In this latest suit, as in the former one, no party plaintiff alleges that the city or the district is taking water from the Nueces River which rightfully belongs to him. Neither suit is one for the determination of priority or extent of water rights, and respondents' reply filed herein admits that the City of Corpus Christi and the assignee district are entitled to some of the waters of the Nueces. In determining that the water supply district was a valid subsisting municipal organization, having the right to take the lands of respondents under the power of eminent domain, we necessarily held that the district was empowered to build and erect a dam in accordance with applicable statutory provisions. The addition of the City as a party to the suit and the substitution of Vogler as a plaintiff for McMurtry does not change the situation. Neither does the fact that the City and the district may actually possess less water and rights to water than they claim affect the situation. It is not necessary for a water supply district to prove that its water supply is sufficient to fill a proposed reservoir before it can proceed with the acquisition of land for a damsite.

The petition in said Cause No. 4002 presents no properly raised and genuine issues not adjudicated by our former judgment. Accordingly, the writ of prohibition will issue as prayed for. Article 1823, Vernon's Anh.Tex.Stats; Hovey v. Shepherd, 105 Tex. 237, 242, 147 S.W. 224; Conley v. Anderson, Tex., 164 S.W. 985; Houston Oil Co. of Texas v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087; Humble Oil & Refining Co. v. Fisher, 152 Tex. 29, 253 S.W.2d 656; City of Palestine v. City of Houston, Tex.Civ.App., 262 S.W. 221; Rogers v. Waters, Tex.Civ.App., 267 S.W. 2d 582.

Respondents, not heretofore dismissed, and each of them (except the Honorable W. G. Gayle, Judge of the District Court in and for Live Oak County, Texas, 36th Judicial District), their respective heirs, assigns, employees, associates, agents, partners, representatives and attorneys are

hereby prohibited, forbidden and enjoined from prosecuting further said Cause No. 4002 on the docket of the District Court of Live Oak County, entitled, Holman Cartwright et al. v. City of Corpus Christi et al. We assume that upon the issuance of the writ of prohibition no further proceedings will be had in the court below other than the entry of an order of dismissal. For this reason no process will be directed to the district judge.

Writ of prohibition granted.

POPE, J., did not participate in the decision of this case.