**H. E. BUTT GROCERY COMPANY,**
**Relator,**

v.

**Bill LOGUE et al., Respondents.**

**No. 4190.**

Court of Civil Appeals of Texas.

Waco.

Sept. 9, 1963.

Rehearing Denied Sept. 13, 1963.

Jones, Boyd, Westbrook & Lovelace, Douglas Boyd, Waco, for appellant.

W. Lance Corsbie, Waco, for appellee.

WILSON, Justice.

Relator's application for leave to file petition for writ of prohibition is denied.

The motion reflects that in the trial of a personal injury action relator and its agent were defendants, it being alleged by plaintiff that both defendants were negligent in numerous respects. The jury verdict acquitted the agent of negligence, but the jury failed to answer several issues inquiring as to the conduct of relator. The trial court did not order severance, but rendered judgment for defendant agent, declaring a mistrial as to plaintiffs' action against relator. The court has re-set the cause for trial against relator. It is asserted the evidence on the former trial related only to alleged negligence of the agent, relator's store manager; and identical inquiries were submitted to the jury as to the negligence of relator and its manager. The subject matter of the action has not been before us previously.

Relator seeks writ of prohibition on the ground the interlocutory judgment rendered "constitutes a judicial estoppel and becomes res judicata of" plaintiffs' action. There is no showing that any such plea has been presented to respondent district judge, or as to what his action thereon would be.

Although it is said the district court has no jurisdiction, the record reflects no lack of jurisdiction over subject matter or parties. If the writ issued, it would be, in effect, an order sustaining a plea of res judicata. We have no such power. Neither do we have jurisdiction to issue a writ which will have the effect of prohibiting the trial court from hearing and determining such a plea if presented. The action of the trial judge on such a plea, if presented to him, is subject to review by appeal. We may not proper-

ly pass upon it in advance, nor issue an extraordinary writ in aid of jurisdiction which is potential only. Winfrey v. Chandler, 159 Tex. 220, 318 S.W.2d 59, 61; Milam County Oil Mill Co. v. Bass, 106 Tex. 260, 163 S.W. 577, 578; Herring v. Houston Nat. Exch. Bank, 113 Tex. 337, 255 S.W. 1097; Gaffney v. Kent, Tex.Civ. App., 74 S.W.2d 176, 179. See Art. 1823, Vernon's Ann.Tex.St.

The cases relied on by relator, such as Rogers v. Waters, Tex.Civ.App., 267 S.W. 2d 582, and Lower Nueces, etc., Dist. v. Cartwright, Tex.Civ.App., 282 S.W.2d 955 are those in which it was sought to relitigate issues determined by, or to interfere with the appellate court judgment. Here, our jurisdiction is not involved. Motion denied.