**Ignacio CANTU et al., Appellants,**

v.

**M. J. RODRIGUEZ, County Judge, et al.,**
**Appellees.**

**No. 14198.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 12, 1964.

Rehearing Denied March 11, 1964.

Hill, King & McKeithan, Mission, Arnulfo Guerra, Roma, for appellants.

Atlas, Freeland, Schwarz & Gurwitz, McAllen, for appellees.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Starr County, Texas, by Ignacio Cantu and some twenty-five other property-owning, tax-paying qualified voters of Starr County, against Hon. M. J. Rodriguez, County Judge, the four County Commissioners and the County Auditor, each being sued individually and in their official capacity, and other individuals and corporations, seeking to enjoin the Commissioners' Court of Starr County from issuing time warrants in the total sum of $340,000.00. The trial court denied the injunction and Ignacio Cantu and the other plaintiffs have prosecuted this appeal.

The minutes of the regular meeting of the Commissioners' Court of Starr County on February 14, 1963, summarized briefly by appellants, reveal the following:

"1. Letter to the Court from James C. Tucker and Co., Inc. by Harris R. Fender, Vice President, stating the understanding that Starr County intends to issue $340,000 of road and bridge

warrants payable from the constitutional road and bridge fund to be later refunded into refunding bonds, and that Tucker Company agrees to buy and Starr County agrees to sell these warrants to be dated March 15, 1963, in denominations of $1,000 each, bearing 6% per annum interest and maturing over a period not to exceed 35 years. Tucker Company agrees to pay par value. The Commissioners Court accepted 'the above proposition.'

"2. Letter to the Court from the same Harris R. Fender, but as an individual, offering his services as financial advisor to the County in connection with such warrant issue for a cash fee of 3% of all securities authorized and issued. The Commissioners Court noted its acceptance in the minutes.

"3. Order of the Commissioners Court directing the County Clerk and County Judge to execute an agreement on behalf of Starr County with Gibson, Spence and Gibson, attorneys from Austin, for legal services in connection with voting, issuance and approval of 'all bonds and warrants to be issued by Starr County within a period of Five (5) years.' The agreement signed by all parties is then set out, providing compensation of 2% of the par amounts of any bonds issued, and 3% of par amount of warrants and bonds issued to refund same.

"4. Resolution of Commissioners Court stating that the Court has 'heretofore determined the advisibility and necessity' of issuing such time warrants to evidence 'indebtedness to be incurred in constructing permanent road and bridge improvements in said County, including claims for labor, machinery, equipment, materials and supplies, and for purchasing necessary right-of-way for public roads in the County, and for the drainage and flood control facilities, including the purchase of any necessary land, for the protection of the County roads, and for engineering costs in connection with all of said work, and incidental expense in connection therewith.' The County Judge is directed to publish notice of intention to issue not to exceed $340,000 of such warrants as required by Chapter 163, Acts of the 42nd Legislature, as amended (Art. 2368a, V.C.S.). The notice was published in the Rio Grande Herald."

On March 11, 1963, this suit was filed. Thereafter, but upon the same day, the Commissioners' Court at a regular meeting adopted an order authorizing the issuance of the above described time warrants against the road and bridge fund of Starr County in the total sum of $340,000, in denominations of $1,000 each, payable to bearer, to be dated March 15, 1963, and to bear interest from such date at 6% per annum. The first twenty warrants were to mature in 21 years, that is, on March 15, 1984, and the remainder, under a schedule extending to 1998.

The trial court at defendants' request set the case down for hearing on March 21, 1963, at which time defendants filed their answer, and the trial court, over appellants' objection, proceeded to hear and dispose of the entire cause on the merits. Appellants urge that they did not know until they arrived in court that the cause was set down on the merits, and requested leave to prepare a written motion for continuance, which request was denied.

Appellants' first point is that the trial court erred in not enjoining the issuance of the warrants, "since the proposed issuance is actually an attempt to issue bonds without an election and other requisite formalities."

█ We sustain the point. A county warrant is evidence of a debt owed by the county to the party to whom the debt is due. A county warrant, whether an interest bearing time warrant or not, should never be issued and delivered to anyone except in payment of an existing claim against the

county. The warrant follows the debt but does not precede it. If a county wishes to secure cash before the debt is created it should issue bonds approved by the voters as is required by law. 15 Tex.Jur.2d, p. 369, § 145 et seq.; Ashby v. James, Tex.Civ.App., 226 S.W. 732.

Warrants issued in violation of Art. 2368a, Vernon's Ann.Civ.Stats., as amended by Acts 1953, 53 Leg., p. 383, ch. 105, which provides the steps to be taken by a county wishing to issue more than $100,000 in interest bearing time warrants, are void. It is quite clear from reading the entire Article 2368a, supra, as amended, that first there must be a proposed contract submitted for bids, containing a provision that it is to be paid for by time warrants, and there must be two weeks notice in the manner provided in § 5 of said article, and the expenditure cannot be authorized until the expiration of the time for filing the petition for a referendum vote has expired. Secs. 5 and 9, Art. 2368a, supra.

Section 4 of said Article provides, "If, by the time set for the letting of the contract, as many as ten per cent (10%) in number of the qualified voters of said county, * * * petition the Commissioners' Court, * * * in writing to submit to a referendum vote the question as to the issuance of bonds for such purpose, then the Commissioners' Court, * * * shall not be authorized to make said expenditure, and shall not finally award said contract unless the proposition to issue bonds for such purpose is sustained by a majority of the votes cast at such election."

█ As the Commissioners' Court of Starr County has never submitted a contract for bids to expend the proposed $340,000 for permanent road and bridge improvements, the time for a voters' petition for a referendum vote as provided for in Sec. 4, has not arrived. If, as and when the Commissioners' Court submits such proposed contract for competitive bids, gives the proper notice, and complies with all of the provisions of Art. 2368a, supra,

the voters, if they desire a referendum, must file their petition before the date for the letting of the contract. Until these preliminary steps are taken, the issuance of the proposed warrants would be void. Secs. 5 and 9, Art. 2368a, supra.

Appellees rely upon the case of Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373 (1919). We do not consider the case in point here. There the warrants had already been sold and the county had received the benefit of their proceeds. Furthermore, Art. 2368a, as amended in 1951, 52nd Leg. p. 281, ch. 164, Sec. 1, and subsequent amendments found in Vernon's Ann.Civ.Stats., 1963 Cumulative Annual Pocket Parts were not in effect.

We regard the case of Adams v. McGill, Tex.Civ.App., 146 S.W.2d 332, more nearly in point, because there the proposed contract had been submitted for competitive bids and proper notice published.

█ The judgment of the trial court denying the injunction is reversed, and judgment here rendered granting the injunction as prayed for by appellants.