June H. LEWIS et al., Appellants,

v.

NACOGDOCHES COUNTY et al., Appellees.

No. 525.

Court of Civil Appeals of Texas, Tyler.

Dec. 3, 1970.

Rehearing Denied Dec. 31, 1970.

H. L. Edwards, Nacogdoches, for appellants.

Tom P. Senff, Nacogdoches, Bryan H. Davis, County Atty. Nacogdoches County, R. A. Deison, Jr., Conroe, Dumas, Huguenin & Boothman, Elbert M. Morrow, Dallas, for appellees.

DUNAGAN, Chief Justice.

This suit was instituted in the District Court of Nacogdoches County, Texas, by June H. Lewis and two other property-owning, taxpayers of said county against Nacogdoches County, Texas, the Commissioners' Court of said county, composed of the Honorable George Middlebrook, Jr., County Judge, and the four County Commissioners, each being sued in their official capacity only, and Davis & Wilson Company, a corporation.

On the 8th day of September, 1969, Nacogdoches County (acting by and through its Commissioners' Court) entered into a contract with Davis & Wilson Company, whereby the latter was to perform certain professional services for the county, namely compiling of certain taxation data for the Commissioners' Court while such court was acting as a Board of Equalization.

In payment of the work to be done and performed on behalf of the County, the Commissioners' Court authorized the issuance of $260,000.00 "Nacogdoches County, Texas, General Fund Warrants, Series 1969" and appropriated the sum of $1,588.00 in cash to pay the balance of the contract price, such contract price being $261,588.00.

Appellants brought this suit to judicially declare the contract between the County and Davis & Wilson Company null and void.

The appellants by their two points of error present the following questions for this court to determine:

(1) whether proper provision had been made for the payment of the amount to become due Davis & Wilson Company under the contract, and

(2) whether the contract is indefinite and uncertain.

A jury was impanelled and heard all of the evidence presented upon the trial of this case; however, at the conclusion of the presentation of the evidence, the jury was discharged by the court upon the agreement of the parties that no fact issue was presented.

Judgment was rendered for appellees upholding the validity of the contract from which this appeal has resulted.

The trial court in its judgment made the following findings:

"I.

"The written contract by and between Davis & Wilson Company and Nacogdoches County, the same being the contract in question, is in all things valid and legally binding on the parties thereto.

"II.

"Due and proper provision has been made by Nacogdoches County for the payment of the amount to become due under such contract for the rendition of profes-

sional services to be rendered by Davis & Wilson Company under the contract.

"III.

"No payments have heretofore been made under the contract but proper provision has been made by the County for the payment of the amount due Davis & Wilson Company under the terms of said contract.

"IV.

"All requisites of law for the making of such contract have been met and performed in due time, form and manner and in legal sufficiency.

"V.

"The contract, the same being the subject of this controversy, is neither conflicting, indefinite nor uncertain, and is definite and certain."

The order of the Commissioners' Court of Nacogdoches County entered on the 8th day of September, 1969, which is the basis of this lawsuit, does two things:

(1) It prescribes the form of contract with Davis & Wilson Company and authorizes the execution thereof in Section 3 of the order, and

(2) It makes provision for the payment of the amount to become due under the Contract (Sections 4 through 13 of the order) by: (a) providing for the issuance of warrants in the amount of $260,000.00, and (b) providing for a cash payment of $1,588.00.

The contract provides for the warrants to be delivered only when the work has been done, and the anticipation schedule for the completion of the work is set forth in Paragraph V of the contract where it is specifically provided that the amount to become due "* * * shall be paid through the issuance and delivery of interest bearing time warrants of the County in the amount of $260,000.00 and the sum of $1,-588.00 shall be paid in cash out of funds regularly available for the purpose." The remainder of the order or contract (Sections 4 through 13) is to the same effect, particularly Section 12 of the order which states:

"That said warrants herein provided for shall be executed and delivered by the County Judge, County Clerk and County Treasurer of Nacogdoches County, Texas, upon order of this Court, at such times as estimates for work performed are submitted to and are approved by said Court, and the balance of the contract price ($1,588.00) shall be paid in cash out of funds on hand and legally available for the purpose and unappropriated to any other purpose, as more fully provided in the aforesaid contract."

In disposing of appellants' first contention that the court erred in holding that proper provisions had been made by Nacogdoches County for the payment of the amount to be paid Davis & Wilson Company for professional services rendered under the contract, we observe that Article 7212, Vernon's Ann.Tex.Civ.St., contains express statutory authority for the county to enter into a contract for professional services of the type to be rendered by Davis & Wilson Company wherein it provides in part:

"* * * provided, however, the Commissioners Court of any county may employ an individual, firm or corporation deemed to have special skill and experience to compile taxation data for its use while sitting as a Board of Equalization and to provide for the payment of the compensation for such professional services out of the proper fund or funds of the county.

"(B). To pay any contractual obligation to be incurred for professional services under the provisions hereof, the Commissioners Courts are hereby authorized to issue time warrants payable from the general fund of the county in

the manner provided by the Bond and Warrant Law of 1931; provided, however, that warrants so issued shall mature within six (6) years from their respective dates."

The warrants here issued were scheduled to mature within six years from their respective dates, being the years of 1970 through 1975.

Article 7212, V.T.C.S., contains express statutory authority for the county to enter into a contract for professional services such as were to be rendered by Davis & Wilson Company.

Appellants' position as we understand it seems to be that:

(1) the County did not make *any* provision in the budget for:

(a) the cash payment of $1,588.00, or

(b) the payments to be made in warrants, and

(2) an improper transfer of funds was to be made.

We here point out that at the time of the trial of this case in April, 1970, no payment had been made to the contractor under the contract in question; also that appellants are not seeking to enjoin Nacogdoches County from paying to Davis & Wilson any part of the monies to be paid to them for their services as provided for in the contract.

The order authorizing the issuance of the warrants reads in part:

"The County Treasurer is authorized and directed to set aside the sum of $1,588.00 in cash out of funds now on hand to be used in paying a portion of said contract which is not paid by the issuance of said warrants."

With respect to the cash payment of $1,588.00 to become due the contractor, Davis & Wilson, at some future time, the certificate of the County Treasurer (dated September 8, 1969) states "* * * that the sum of $1,588.00, provided to be paid in cash by Nacogdoches County to Davis & Wilson Company, Contractor, * * * was on hand and available for such purpose on the date of the aforesaid contract; and such sum has been set aside and appropriated for the purpose of the payment of such cash amount upon said contract, and will be used for no other purpose."

In our opinion the foregoing provision is adequate, but if it is not adequate, then it will be the obligation of the County to properly budget the cash payment before the "expenditure" may be made.

The time warrants constitute a "debt" of the County, being obligations that the parties did not intend to be paid from current funds of the year in which the expenditure was to be made, or from funds then on hand. McNeill v. City of Waco, 89 Tex. 83, 33 S.W. 322 (1895); Article XI, Section 7 of the Constitution of Texas.

Appellant asserts that no provision was made in either the original or amended county budget for the payment of either the $260,000.00 to be paid by the issuance of county warrants or the $1,588.00 to be paid in cash out of any available fund, especially the cash payment of $1,588.00. In support of this argument appellant relies on Sections 9 and 11 of Article 689a, V.T.C.S. Article 689a–9 reads in part:

"The County Judge shall serve as budget officer for the Commissioners' Court * * * he, assisted by the County Auditor * * * shall prepare a budget to cover all proposed expenditures of the county government for the succeeding year * * * The budget shall * * * contain a complete financial statement of the county, showing all outstanding obligations of the county, the cash on hand to the credit of each and every fund of the county government, the funds received from all sources during the previous year, the funds available from all sources during the ensuing year, the estimated revenues available to cover the proposed budget

and the estimated rate of tax which will be required."

Article 689a–9a, V.T.C.S., provides in part:

"The County Judge in preparing the budget to cover all proposed expenditures of the county government for the succeeding year shall estimate the revenue to be derived from taxes * * *."

Appellee recognizes that the foregoing statute is applicable to current funds of the county, and therefore, the funds may not be expended until properly budgeted.

■ However, since time warrants are issued in exchange for labor or property, there is no expenditure of money or funds by the delivery of the warrant. The county, however, must budget the expenditure to be made in the payment of interest or principal to become due on the warrants during the year in which budget is operative. In this instance, the sum of $50,600.00 was budgeted for the principal amount to become due in November, 1970, and the interest to become due on May 15 and November 15, 1970.

It is our view that the budgeting of the amount due on the time warrants is proper. Such budgeting is in conformity with Attorney General's Opinion WW-1174 (1961).

The county budget provides that $16,-306.33 is to be deposited in the Interest and Sinking Fund for the budget year from taxes levied, and an additional $34,295.00 is to be deposited therein from the Road and Bridge Fund.

Appellants argue that the Commissioners' Court cannot legally transfer one constitutional fund to another fund and in support thereof relies upon Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918). This was a well established principle of law in this state until the Constitutional provision upon which it was founded (Article VIII, Section 9 of the Constitution of Texas) was amended in 1967 to read in part as follows:

"* * * Any county may put all tax money collected by the county into one general fund, without regard to the purpose or source of each tax. * * *"

As we view the record before us, it is our opinion that the Commissioners' Court of Nacogdoches County did properly provide for the execution of the contract for appraisal services and made proper provision for the payment of the amount to become due the contractor.

The provision of the county budget for the expenditure of funds was properly made, but even if not properly budgeted, the validity of the contract is not affected. Morrison v. Kohler, 207 S.W.2d 951 (Tex. Civ.App., Beaumont, 1948, writ ref., n. r. e.). We overrule appellants' first point of error.

We also overrule appellants' contention that the trial court erred in holding that the contract is neither conflicting, indefinite nor uncertain.

A time warrant is a debt of the county. Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373 (1919); Bridgers v. City of Lampasas, 249 S.W. 1083 (Tex.Civ.App., Austin, 1923, writ ref.); Adams v. McGill, 146 S.W.2d 332 (Tex.Civ.App., El Paso, 1941, writ ref.).

Until a time warrant is delivered and placed in circulation, it does not represent an obligation against the taxing power of the issuing body. See City of Austin v. Valle, 71 S.W. 414 (Tex.Civ.App., 1902, n. w. h.), and City and County of Dallas Levee Improvement Dist. v. Russell, 42 S.W.2d 1066 (Tex.Civ.App., Waco, 1931, n. w. h.), holding a "debt" was created when the obligation was delivered and placed in circulation. See also Cohen v. City of Houston, 176 S.W. 809 (Tex.Civ.App., Galveston, 1915, writ ref.); Nacogdoches County v. Lafferty, 61 S.W.2d 994 (Tex.Com.App., 1933). As stated by the Court in Bridgers

v. City of Lampasas, supra (249 at p. 1085) a time warrant is used to obtain "property or labor on credit." A warrant may not be sold for cash but is to be delivered to a contractor. Cantu v. Rodriguez, 376 S.W.2d 70 (Tex.Civ.App., San Antonio, 1964, writ ref., n. r. e.).

■ The contract and order both provide for time warrants to be delivered as work is accomplished by the contractor. When the warrants are delivered, the county has the obligation to pay them as it would any other indebtedness.

The delivery of the warrants to the contractor will satisfy the contractual obligation of the county up to the amount of $260,000.00. When the debt of the county (represented by the time warrants) becomes due is immaterial on the point of whether proper provision has been made for the payment of the contract.

It would unduly lengthen this opinion to discuss each and every facet of the law involved. It suffices to say that we think the trial court's judgment is correct and should be sustained.

Judgment is affirmed.