NACOGDOCHES COUNTY, Texas, et al., Relators,

v.

R. C. MARSHALL et al., Respondents.

No. 591.

Court of Civil Appeals of Texas, Tyler.

June 17, 1971.

Kinney, Deison & Redd, Mickey Deison, Conroe, for relator Davis & Wilson Co.

Bryan Davis, County Atty., Tom P. Senff, Nacogdoches, Dumas, Huguenin & Boothman, Elbert M. Morrow, Dallas, for relator Nacogdoches County.

Billy J. Earley, H. L. Edwards, Nacogdoches, for respondents.

DUNAGAN, Chief Justice.

This is an original proceeding applying for a writ. of prohibition to preserve the integrity of a final judgment in cause No.

14,605 styled June H. Lewis, et al. v. Nacogdoches County, et al. in the 2nd District Court of Nacogdoches County, affirmed by this Court on December 3, 1970, 461 S.W.2d 514. Our judgment of affirmance has long since become final, appellants therein having failed to file an application for writ of error to the Supreme Court.

The basis of the petition for writ of prohibition is that by the filing of a certain suit dated March 17, 1971, No. 14,907, styled R. C. Marshall et al. v. Nacogdoches County et al., in the District Court of Nacogdoches County, Texas, the respondents, R. C. Marshall, D. L. Handcock and Gerald Partin seek to re-litigate rights established by the final judgment in cause No. 14,605 styled June H. Lewis, et al. v. Nacogdoches County, et al., in the 2nd District Court of Nacogdoches County, Texas, which judgment was affirmed by us on the appeal of June H. Lewis, John P. Johnson and Marvin McBride and that said suit No. 14,907 is of such a nature that if successfully prosecuted the judgment therein will have the effect of divesting rights established by the judgment entered in cause No. 14,605. Relators seek the writ of prohibition against respondents R. C. Marshall, D. L. Handcock and Gerald Partin; and their attorneys of record, Billy J. Earley and H. L. Edwards; their respective heirs, assigns, employees, associates, partners, agents and representatives from prosecuting further in any manner that certain suit No. 14,907, styled R. C. Marshall et al. v. Nacogdoches County et al., filed in the District Court of Nacogdoches County, and from filing any other suit, pleading or proceedings in any manner, in any other case, in any court in Texas which will affect, interfere or threaten to interfere with the due enforcement of the judgment of this Court rendered December 3, 1970, in cause No. 525, styled Lewis et al. v. Nacogdoches County et al., 461 S.W.2d 514, and enjoining the Hon. James W. Summers and Hon. Jack Pierce, the District Judges for Nacogdoches County, or any one sitting for either of them from proceeding with the trial of the aforesaid suit No. 14,907 or enter any order or authorizing or taking any action or proceeding therein other than to dismiss said suit.

The basis of the suit in the Lewis case was the validity of a contract entered into on the 8th day of September, 1969, by Nacogdoches County (acting by and through its Commissioners' Court) with Davis & Wilson Company, whereby the latter was to perform certain professional services for the county, namely compiling of certain taxation data for the Commissioners' Court while such court was acting as a Board of Equalization.

In payment of the work to be done and performed on behalf of the county, the Commissioners' Court authorized the issuance of $260,000.00 "Nacogdoches County, Texas, General Fund Warrants, Series 1969" and appropriated the sum of $1,588.00 in cash to pay the balance of the contract price, such contract price being $261,588.00.

This court in the Lewis case upheld the validity of the contract between Nacogdoches County and Davis & Wilson Company.

As above stated, judgment in the Lewis case became final and conclusive by virtue of appellants' failure to file application for writ of error to the Texas Supreme Court. Mandate was issued by the Clerk of this Court on February 2, 1971, and filed in the 2nd Judicial District Court of Nacogdoches County on February 3, 1971.

Thereafter, on March 8th, 1971, the Commissioners' Court of Nacogdoches County directed Davis & Wilson Company to proceed under the aforesaid contract to "do, perform, and complete the work it is required to do under the provisions of said contract" with the request that the contractor make a report of its progress to the Commissioners' Court at the court's next regular meeting.

Also on March 8, 1971, the Commissioners' Court entered an order approving an amendment to the budget for the year 1971.

On March 17, 1971, the case styled R. C. Marshall, et al. v. Nacogdoches County, Texas, et al. was instituted by the filing of the plaintiff's original petition in the District Court of Nacogdoches County, Texas, wherein the contention is made that the contract by and between Nacogdoches County and Davis & Wilson Company is "NOW OF THIS DATE unlawful, illegal and void, should be cancelled, set aside and held for naught" for identical reasons set forth in the appellants' amended petition in the case styled June H. Lewis et al. v. Nacogdoches County et al., as well as upon the grounds that the work order and the budget amendment were illegal and void.

On May 4, 1971, the Clerk of this Court issued notices that a hearing had been set for the 27th day of May, 1971, in order that the respondents above named and each of them might appear and show cause why relators' petition for writ of prohibition should not be granted.

Thereafter on May 11, 1971, the plaintiffs filed their first amended original petition in the case of R. C. Marshall et al. v. Nacogdoches County, et al. (hereinafter referred to as the Marshall case), pending in the District Court of Nacogdoches County, and in such amended pleadings it is now stated that the plaintiffs are not contesting the validity of the contract, but that:

(1) the following actions of the County *in implementing* the contract are illegal and void:

(a) the issuance of the work order, and

(b) the revision of the manner in which the amount to become due the contractor (additional cash to be delivered rather than some of the time warrants which may not now be delivered), and

(c) the making of a partial payment to the contractor; *and*

(2) although it is stated the validity of the contract is not being challenged, we find the statements "the contract should be held void" (paragraph 8 of the amended petition) and the contract is "impossible" to perform (paragraph 4 of the amended petition) and the contract is "delinquent" (paragraph 8 of the amended petition).

By the statement filed in this cause, respondents (except Judges Summers and Pierce) assert this court may not be concerned with the allegations of the amended petition since:

(1) "new legal and fact issues" are presented which were not considered or determined by Lewis, et al. v. Nacogdoches County, et al., and

(2) that this Court is not to be concerned with the merits of the allegations of the amended petition, and

(3) the Marshall case has been placed on the jury docket in the trial court.

The *new factors* mentioned by the respondents *in the amended petition not contained in the original petition in the Marshall case are:*

(1) that the order of March 8, 1971—the work order—is "indefinite and uncertain" constituted an abuse of "discretion" and was "arbitrary" (paragraph numbered 4);

(2) that the order of April 16, 1971, was "illegally and 'arbitrarily' passed by the Commissioners' Court"; that the County had received "no consideration" (paragraph numbered 6);

(3) that the County would not receive full value or consideration if the contract is fully performed by Davis & Wilson Company (paragraph numbered 7);

(4) that financial conditions of the County have changed (including valuations and

tax assessments); that the contract is now *void* and *delinquent* (paragraph numbered 8);

(5) that certain findings of fact made by the Commissioners' Court are untruthful and were "arbitrarily" made (paragraph numbered 9).

Relators' primary contention is that the issues raised by the pleadings in the Marshall case were raised and litigated in the suit filed by June H. Lewis and others which were determined and adjudicated by this court in Lewis et al. v. Nacogdoches County et al., supra, against the plaintiffs in the Marshall case. The issues having been decided against the respondents in the Lewis case are not subject to re-litigation, and the filing of such suit by R. C. Marshall et al, No. 14,907, interferes with the jurisdiction of this court or threatens to interfere with the due enforcement of the judgment of this court entered December 3, 1970, in cause No. 525 on the docket of this court, styled Lewis et al. v. Nacogdoches County et al, 461 S.W.2d 514.

It is stated in 46 Tex.Jur.2d, p. 454, sec. 7: "But it is possible that the repeated filing of lawsuits on the same cause of action can proceed to the extent that they interfere with the jurisdiction of an appellate court and with the execution of its judgment, and in this case a writ of prohibition will issue. In such a case, prohibition is issued on the ground pertaining to enforcement of jurisdiction and not on the ground that res judicata constitutes a defense to the suits filed after the first one has been finally determined. * * *"

 The relators herein are entitled to the benefits of the judgment of this court in their favor in the original suit undisturbed by subsequent suits involving the same subject matter. This court clearly has the power to preserve and enforce its own judgment so the relators will secure such benefits. Phillips Petroleum Co. v. Trigg, 157 S.W.2d 411, 414, and cases therein cited (Tex.Civ.App., Austin, 1941, n.

w. h.); City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663; Ferguson v. Ferguson, 189 S.W.2d 442 (Tex.Civ.App., Austin, 1945); Rogers v. Waters, 267 S.W.2d 582 (Tex.Civ.App., San Antonio, 1954); Yount-Lee Oil Co. v. Federal Crude Oil Co., 92 S.W.2d 493, 495 (Tex.Civ.App., Beaumont, 1936). There is no right to again litigate the principal and controlling issues decided by this court in the Lewis case. Continental State Bank of Big Sandy v. Floyd, 131 Tex. 388, 114 S.W.2d 530 (1938); Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242, 244 (1937).

In the plaintiffs' first amended original petition in the Marshall case, we find the identical justiciable interest is alleged as in the Lewis case, i. e., that they are citizens in Nacogdoches County, own taxable property therein, and pay taxes thereon and the action is brought as a class action.

 The Lewis case was a class action as authorized by Rule 42, Texas Rules of Civil Procedure, and being a class action the judgment in the Lewis case binds all members of the class as to all matters therein litigated if the class was adequately represented by those who sued on behalf of the class. McDonald, Texas Civil Procedure, Vol. 1, sec. 3.37, p. 283–284; Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224. The description of the plaintiffs in the Marshall case shows clearly that they are members of the class represented by the plaintiff in the Lewis case, and it is not suggested that they were not adequately represented in that suit. Their right to re-litigate the same issues is foreclosed by the Supreme Court decisions in Hovey v. Shepherd, supra; City of Dallas v. Dixon, 365 S.W.2d 919 (Tex.Sup., 1963). As aptly stated by the Supreme Court in City of Dallas v. Dixon, supra, "This must be so. If it were not so, different groups of Dallas citizens could halt all efforts of the City to improve its airport facilities indefinitely by filing new suits. Such an absurdity cannot be tolerated." Likewise, in this case different groups of Nacogdoches County taxpayers

could halt all efforts of Nacogdoches County to perform under the contract, which has been held by this court to be a valid one, by filing new suits.

■ With respect to the order of the Commissioners' Court entered March 8, 1971, which directed Davis & Wilson Company to proceed, it is claimed the order is indefinite, uncertain, was arbitrarily adopted, and the Commissioners' Court abused its discretion. That order appears to be nothing more than a work order, a ministerial act. When this court upheld the validity of the contract, one contracting party had the right to direct the other to proceed with performance of work it was required to do and such right to proceed was necessarily implied. The plaintiffs in the Marshall suit should not be allowed to embarrass or hinder the prior judgment of this court. Conley v. Anderson, 164 S.W. 985 (Tex. Sup., 1913). The act of the Commissioners' Court in issuing the work order is not arbitrary, neither did the Commissioners' Court abuse its discretion in carrying out its duties under a contract that this Court has held to be valid. The contention that the order is indefinite and uncertain is without merit.

■ With respect to the budget amendment approved by the Commissioners' Court on March 8, 1971, we find the plaintiffs in the Marshall case have attacked the order as not having been adopted as required by Article 689a–11, V.T.C.S., and that in the adoption of the budget amendment, the Commissioners' Court abused its discretion. In the opinion of this court in the Lewis case, it was pointed out that the time warrants were scheduled to become due in the years 1970 through 1975 in conformity with Article 7212, V.T.C.S. In the motion for rehearing filed in the Lewis case this was emphasized by counsel as an error in the disposition of the case, but the fact that some of the time warrants may not be delivered as originally contemplated by the parties does not make the contract void. In Wantland v. Anderson, 203 S.W.2d 787 (Tex.Civ.App., San Antonio, 1947, writ ref., n. r. e.), it was held the parties could agree to a change in a contract whereby cash would be delivered rather than time warrants previously authorized. The budget amendment of March 8, 1971, set aside additional cash which was then used to pay the contractor, this being admitted by the respondents.

In the Lewis case, this court held the validity of the contract was not affected by a failure to properly budget the expenditure of funds but current funds should be properly budgeted before they are expended, citing Morrison v. Kohler, 207 S.W.2d 951 (Tex.Civ.App., Beaumont, 1948, writ ref., n. r. e.).

It appears that the plaintiffs in the Marshall case take the position that the motion for rehearing in the Lewis case was improvidently denied, that the delivery of cash rather than time warrants destroys the validity of the contract, and the budget amendment destroys the validity of the contract. In the Lewis case these matters were decided against the plaintiffs in the Marshall case and are not subject to re-litigation.

■ The plaintiffs in the Marshall case also contend the financial condition of the county has changed, property evaluation has changed, and a better contract may now be executed; that the contract of Nacogdoches County with Davis and Wilson Company is void. This court in the Lewis case upheld the validity of the contract here involved.

Plaintiffs in the Marshall case also contend that the Davis & Wilson contract is delinquent and out-of-date. This allegation or contention was made by counsel in the Lewis case (particularly in the motion for rehearing).

During the time the validity of the contract and the provision made for its payment was questioned in the first suit, no great amount of work was done and performed thereunder.

Shortly after the judgment of this court in the Lewis case became final and conclusive, the Commissioners' Court of Nacogdoches County entered two separate orders. The first order is nothing more than a "work order"—direction to proceed by one contracting party to the other to again proceed to perform work under a contract executed by the parties.

The second order was an amendment to the county budget to make provision for the payment of additional cash.

As stated by this Court in the Lewis case:

" * * * The warrants here issued were scheduled to mature within six years from their respective dates, being the years of 1970 through 1975.

\* \* \* \* \* \*

" * * * time warrants are issued in exchange for labor or property, * * *.

\* \* \* \* \* \*

"Until a time warrant is delivered and placed in circulation, it does not represent an obligation against the taxing power of the issuing body. * * *"

\* \* \* \* \* \*

"The contract and order both provide for time warrants to be delivered as work is accomplished by the contractor. When the warrants are delivered, the county has the obligation to pay them as it would any other indebtedness."

■ It would unduly lengthen this opinion to further detail the pleadings in both the Lewis case and the Marshall case to demonstrate that the issues raised in these two cases are substantially identical. It suffices to say it is apparent that in effect the subject matter of the Marshall lawsuit is identical to the subject matter of the suit in the Lewis case (except the issues raised by paragraph 6[1] of respondents' first amended original petition) in which the judgment of this court has become final and that the respondents are simply seeking to re-litigate issues already adjudicated by the former judgment. This they cannot do, because said suit is an actual interference with the enforcement of the judgment of this court in the Lewis case. Nash v. Hanover Fire Ins. Co., 79 S.W.2d 182 (Tex.Civ.App., El Paso, 1935); United Gas Corporation v. Morrell, 434 S.W.2d 697 (Tex.Civ.App., Beaumont, 1968). It becomes the duty, as well as the right of this court, to exercise its original jurisdiction to enforce its judgment. City of Dallas v. Dixon, supra.

As stated by Judge Pope in Rogers v. Waters supra, while a member of the San Antonio Court of Civil Appeals, "We do not operate on the principle that two judgments are better than one. If our former judgment may be temporized, perhaps our second or third one could be also."

■ With reference to the order of the Commissioners' Court of Nacogdoches County adopted on the 16th day of April, 1971, the plaintiffs in the Marshall case and respondents in this court, in paragraph 6 of their amended original petition allege

---

1. "Plaintiffs further alleges, that on the 16th day of May, A.D. 1971, said Commissioners Court, passed an order or resolution, authorizing or directing, that said Davis & Wilson Company, be paid CASH the sum of $36,588.00 an additional sum of $35,000.00 be paid in 'county warrants' aggregating the sum of $71,588.00 and that said amount was paid to said Davis & Wilson Company, out of the county tax funds, which order or resolution copy thereof, is marked exhibit (c) hereto-attached and made a part of this petition. Said order or resolution was illegally and 'arbitrarily' passed by said Commissioners Court, and at the TIME said order or resolution was passed, said Nacogdoches County, Texas, had RECEIVED no CONSIDERATION from said Davis & Wilson Company, whereby said Company was due the sum of ($71,588.00) no part of said WORK or materials required to be delivered to said COUNTY by said Davis & Wilson Company, under the provisions of the aforesaid contract, had been delivered to said county; said county received no consideration for the said sum of $71,588.00 paid Davis & Wilson Company."

and contend the order (authorizing a partial payment to Davis & Wilson Company) was arbitrarily passed by the court, that no consideration was received by the county and no part of the work had been done and none of the materials had been supplied for which payment was ordered made. The plaintiffs-respondents in the Marshall case admit that payment has been made in accordance with the order of April 16, 1971.

The relators argue among other things that the money having been budgeted and expended, the question arises as to whether there is a justiciable interest in the plaintiffs in the Marshall case with respect to this particular allegation, because an action for its recovery belongs to the county alone, and cannot be maintained by private citizens. Regardless of the merit there may be in relators' contention, we are faced with the fact that this matter was not before us in the Lewis case. Therefore, these particular allegations not having heretofore been raised and litigated in the Lewis case, it cannot be said that such litigation would be an interference with the jurisdiction of this court or with the execution of our judgment in the Lewis case.

Relators have failed to show that Judge Summers and/or Judge Pierce has taken or threatened any action in the Marshall case which would in anywise obstruct the enforcement of the judgment in the Lewis case.

It is not shown that an order has been entered in the litigation between the respondents and the relators which interferes with the enforcement of the judgment in the Lewis case. As a matter of fact, we find no order whatsoever entered in said case. Therefore, prohibition does not lie against Judges Summers and Pierce. Nash v. Hanover Fire Ins. Co., supra; Humble Oil & Refining Co. v. Fisher, 152 Tex. 29, 253 S.W.2d 656 (1952).

Relators' petition for writ of prohibition is granted as prayed for against respondents R. C. Marshall, D. L. Handcock, Gerald Partin, Billy J. Earley and H. L. Edwards, Article 1823, V.T.C.S.; Lowe and Archer, "Texas Practice", Vol. 6, sec. 515; Lower Nueces River Water Supply District v. Cartwright, 282 S.W.2d 955 (Tex.Civ.App., San Antonio, 1955), insofar as it seeks to prohibit said respondents, or either of them, their associates, partners and representatives of the class from prosecuting further in any manner that certain suit No. 14,907, styled R. C. Marshall et al. v. Nacogdoches County, Texas et al., filed and now pending in the District Court of Nacogdoches County, and from filing any other suit, pleading or proceedings in any manner, in any other case, in any court in Texas which will affect, interfere or threaten to interfere with the due enforcement of the judgment of this court rendered December 3, 1970, cause No. 525, styled Lewis et al. v. Nacogdoches County et al. reported in 461 S.W.2d 514; except as to the allegations contained in paragraph 6 of the amended pleadings filed in the Marshall case to the effect that the order or resolution passed by the Commissioners' Court of Nacogdoches County on April 16, 1971, was illegally and arbitrarily passed by said Commissioners' Court, because "at the TIME said order or resolution was passed, said Nacogdoches County, Texas, had RECEIVED no CONSIDERATION from said Davis & Wilson Company, whereby said Company was due the sum of $71,588.00 no part of said WORK or materials required to be delivered to said COUNTY by said Davis & Wilson Company, under the provisions of the aforesaid contract, had been delivered to said county; said county received no consideration for the said sum of $71,588.00 paid Davis & Wilson Company." The allegations that no consideration was received by the county and no part of the work had been done and none of the materials had been supplied for which payment was ordered made by the order or resolution of April 16, 1971, as above stated, were not raised or litigated in the Lewis case. As applied to the no-consideration question, it is quite obvious this expenditure was not ordered made by

the Commissioners' Court until after the Lewis case had been litigated to final judgment. These contentions here made by the relators as they concern this particular portion of said respondents' amended pleadings, may be raised in the trial court. Simmons v. Patton, 67 S.W.2d 894 (Tex. Civ.App., Dallas, 1934, n. w. h.). Therefore, relators have an adequate remedy at law to this particular portion of said respondents' pleadings in the Marshall case.

It is further ordered as against Judges Summers and Pierce, the other respondents, that the relators' petition be dismissed without prejudice.

Such writs will issue forthwith.