



# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 2, 1974

*overrules where conflicts*

*M-207 M-892*
*M-369 M-1195*
*M-438 M-1245-A*
*M-1250*

The Honorable Jim Sharon Bearden
County Attorney
Orange County
Orange County Courthouse
Orange, Texas 77630

Opinion No. H- 194

Re:  Authority of County
Auditor to transfer
surplus funds in the
Road and Bridge Fund
into the General Fund

Dear Mr. Bearden:

You have requested an opinion of this office on the following question:
"can the County Auditor place all carry-over funds of the Road and Bridge
Fund into the General Fund after the budget year with or without an order
by the county court? "

You further explain:  "In Orange County, a county under 225,000, there
is a 'General Fund', consisting of the general fund, jury fund, and public
building fund, leaving the 'Road and Bridge Fund' separate. "

The applicable limitation upon the type of county financing which you
question is Article 8, § 9, of the Texas Constitution which provides:

> "Sec. 9.  The State tax on property, exclusive of
> the tax necessary to pay the public debt, and of the taxes
> provided for the benefit of the public free schools, shall
> never exceed Thirty-five Cents (35¢) on the One Hundred
> Dollars ($100) valuation; and no county, city or town shall
> levy a tax rate in excess of Eighty Cents (80¢) on the One
> Hundred Dollars ($100) valuation in any one (1) year for
> general fund, permanent improvement fund, road and
> bridge fund and jury fund purposes; provided further that
> at the time the Commissioners Court meets to levy the
> annual tax rate for each county it shall levy whatever tax
> rate may be needed for the four (4) constitutional purposes;

p. 909

namely, general fund, permanent improvement fund,
road and bridge fund and jury fund so long as the Court
does not impair any outstanding bonds or other obliga-
tions and so long as the total of the foregoing tax levies
does not exceed Eighty Cents (80¢) on the One Hundred
Dollars ($100) valuation in any one (1) year. Once the
Court has levied the annual tax rate, the same shall remain
in force and effect during that taxable year; and the Legis-
lature may also authorize an additional annual ad valorem
tax to be levied and collected for the further maintenance of
the public roads; provided, that a majority of the qualified
property taxpaying voters of the county voting at an election
to be held for that purpose shall vote such tax, not to exceed
Fifteen Cents (15¢) on the One Hundred Dollars ($100) valua-
tion of the property subject to taxation in such county. Any
county may put all tax money collected by the county into one
general fund, without regard to the purpose or source of each
tax. And the Legislature may pass local laws for the main-
tenance of the public roads and highways, without the local
notice required for special or local laws. This section shall
not be construed as a limitation of powers delegated to counties,
cities or towns by any other Section or Sections of this Consti-
tution. "

We presume that your inquiry relates to the Road and Bridge Fund referred
to in the constitutional provision as one of the four funds subject to the combined
Eighty Cents per One Hundred Dollars valuation limit and that you are not refer-
ring to the Public Road Fund that can be established by a vote and a tax of up to
Fifteen Cents per One Hundred Dollars valuation.

Prior to 1944, Article 8, § 9, of the Texas Constitution put individual
limitations on each of the four funds, specifically Twenty-Five Cents per One
Hundred Dollars valuation for the general fund, Fifteen Cents for the jury fund
and Twenty-Five Cents for public improvement. This was amended in 1944 and
again in 1956 so as to retain only the Eighty Cents on the One Hundred Dollars
valuation limitation for the combined four funds and, in 1967, the people added
another amendment which states: "Any county may put all tax money collected

by the county into one general fund, without regard to the purpose or source of each tax."

Prior to the 1967 amendment, it was well established law that the four constitutional funds, namely the general fund, the permanent improvement fund, the road and bridge fund, and the jury fund had to be kept completely separate from one another and no comingling or transfer of the funds was condoned. Carroll v. Williams, 202 S.W. 504 (Tex. 1918).

However, the plain import of the amendment in 1967, (also shown by its legislative history and the publicity which attended its proposal), is to free counties from such restrictions and to allow unrestricted comingling and transfer of these funds.

In Lewis v. Nacogdoches County, 461 S.W. 2d 514, 518 (Tex. Civ. App., Tyler, 1970, no writ), the Tyler Court of Civil Appeals stated:

> "Appellants argue that the Commissioners' Court cannot legally transfer one constitutional fund to another fund and in support thereof relies upon Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918). This was a well established principle of law in this state until the Constitutional provision upon which it was founded (Article VIII, Section 9 of the Constitution of Texas) was amended in 1967 to read in part as follows:
>
> > ' * * * Any county may put all tax money collected by the county into one general fund, without regard to the purpose or source of each tax. * * * ' "

The fact that the county originally budgeted the road and bridge fund separately would not impair the authority of the commissioners court to effect the contemplated transfer. The 1967 constitutional amendment allows the county to "put all tax money . . . into one general fund," which plainly allows a transfer as well as an original consolidation.

Such a transfer would require an order of the commissioners court. The amendment permits "any county" to combine funds. The county acts through the commissioners court. See 15 Tex. Jur. 2d, Counties § 35, et. seq.

Any conflicting statements in the following opinions of this office are overruled: Attorney General Opinions M-207 (1968), M-369 (1969), M-438 (1969), M-892 (1971), M-1195 (1972), M-1245-A (1972) and M-1250 (1972).

## SUMMARY

A county commissioners court may transfer surplus road and bridge funds into the general fund.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee