

# The Attorney General of Texas

September 14, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ms. Joyce Tompkins
Fort Bend County Auditor
P. O. Drawer 549
Richmond, Texas    77469

Opinion No. MW-516

Re: Transfer of county assets
from one department to another
and failure to follow procedure
for setting salaries

Dear Ms. Tompkins:

You first ask about the authority of the Fort Bend County Commissioners Court to transfer to the sheriff an automobile purchased from money in the Road and Bridge Fund, Precinct No. 4.

The "Road and Bridge Fund" is one of the four county funds established "for the four (4) constitutional purposes," by article VIII, section 9 of the Texas Constitution. (It is to be distinguished from the special road and bridge tax fund authorized by article VIII, section 9, and from the farm-to-market and flood control tax fund authorized by section 1-a of article VIII. See V.T.C.S. 2353b). In earlier times the money in such a fund could not be used for any other purpose or transferred to any other fund. See V.T.C.S., art. 1630b; Carroll v. Williams, 202 S.W. 504 (Tex. 1918). However, a 1967 constitutional amendment has been interpreted to allow the transfer of money from the Road and Bridge Fund into the General Fund of the County and its expenditure for other purposes. Lewis v. Nacogdoches County, 461 S.W.2d 514 (Tex. Civ. App. - Tyler 1970, no writ). See Attorney General Opinions H-530 (1975); H-194 (1974). In our opinion, there is nothing in the law to prevent the commissioners court of Fort Bend County from transferring to the sheriff's department an automobile originally purchased from the Road and Bridge Fund.

Your second question concerns the proper salary for county officers during the months of January and February 1981.

A county budget was adopted on January 5, 1981 pursuant to article 689a-11, V.T.C.S., which provided salary increases for county officers. Section 2(a) of article 3912k, V.T.C.S., states:

> The salaries, expenses, and other allowances of elected county and precinct officers shall be set each year during the regular budget hearing and adoption proceedings on giving notice as provided by this Act. (Emphasis added).

Section 6 of the act states that the commissioners court shall not exercise the authority provided by section 2 except at a regular meeting of the court after 10 days published notice of "the intended salaries, expenses, and allowances to be raised and the amount of the proposed raises." Although a notice pursuant to article 689-11a had been given, the required article 3912k notice had not been published at the time the budget was adopted. Thereafter, an article 3912k notice was belatedly published and the commissioners court adopted an order increasing the salaries at a public hearing on January 26, 1981.

After being advised by the district attorney that the foregoing procedure was not in accordance with law, all elected county officials availed themselves of the grievance procedure allowed by section 2(d) of article 3912k, and were awarded increased salaries for the year, effective March 1, 1981.

In our opinion, the adoption of the budget by the commissioners court on January 5, 1981, was ineffective to increase the salaries of county officials above the salaries set for them in 1980. A special notice is required by article 3912k if salaries are to be raised. While the commissioners court might have properly set salaries of county and precinct officers at a regular budget hearing without having given an article 3912k notice, it could do so only if no such salaries were raised beyond their levels for the preceeding year.

We think the effect of the article 3912k requirement was to invalidate the <u>raises</u> budgeted at the January 5, 1981 budget hearing, but not the <u>salaries</u> set for county and precinct officers in their entirety.

In our opinion, the 1981 salaries for the county and precinct officers of Fort Bend County remained at their 1980 levels until the recommendations of the grievance committee became effective on March 1, 1981. It follows that for the months of January and February 1981, the proper salaries of such officers are determined by ascertaining their salaries immediately prior to the new year.

### S U M M A R Y

The Commissioners Court of Fort Bend County was authorized to transfer to the sheriff's department an automobile originally purchased with funds from the Road and Bridge Fund. Where the notice requirements of article 3912k were not met, salary raises incorporated in the budget for county officers were invalid.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood