

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

February 15, 2018

The Honorable J. Bryan Clayton
Concho County Attorney
Post Office Box 236
Paint Rock, Texas 76866

Opinion No. KP-0182

Re: Whether a county may transfer funds from the road and bridge account to a general account to pay all or a portion of a commissioner's salary when the commissioner spends a substantial portion of time performing road and bridge maintenance (RQ-0175-KP)

Dear Mr. Clayton:

You ask whether funds from a county's road and bridge account may be transferred to the general account for payment of all or a portion of a county commissioner's salary "in a county where county commissioners spend a substantial portion of their worktime personally performing road and bridge maintenance."[1] As background, you explain that "Concho County's four commissioners are responsible for road maintenance in their precincts," and that "a significant portion of the work is performed by the commissioners personally." Request Letter at 1. You tell us the county pays the commissioners' salary from the general revenue fund, and that because the county expects decreased revenue in the coming year, "it would be advantageous for the county to draw all or a portion of the commissioner's salary from the Road and Bridge Fund." *Id.*

A county commissioner's court possesses broad duties related to matters as wide-ranging as road maintenance, county finances, land use regulation, public safety, and water utilities, among many others. *See, e.g.*, TEX. LOC. GOV'T CODE §§ 111.008 (requiring commissioners court to take action on county budget), 291.001 (requiring the commissioners court to maintain public buildings), 352.001 (authorizing the commissioners court to furnish fire protection to county residents); *see also* TEX. CONST. art. V, § 18(b) (providing that the county commissioners court "shall exercise such powers and jurisdiction over all county business" as conferred by law). Thus, a commissioners court's primary responsibilities concern matters other than roads and bridges.

"Money in the road and bridge fund of a county may be used only for working public roads or building bridges, except as otherwise provided by law." TEX. TRANSP. CODE § 256.001. Determining whether a county may use money deposited in the road and bridge fund for other purposes requires an understanding of the multiple sources of income for a county road and bridge fund and the limitations placed on each of those sources.

---

[1]Letter from Honorable J. Bryan Clayton, Concho Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Aug. 15, 2017), http://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Ad valorem taxes provide a significant source of income for a county road and bridge fund. Article VIII, section 9 of the Texas Constitution authorizes a commissioners court to levy an annual property tax rate for four separate constitutional purposes, including a county general fund and the "road and bridge fund." TEX. CONST. art. VIII, § 9(a). Pursuant to that section, Concho County levies an annual property tax for the general fund and a separate tax for the road and bridge fund.[2] *See id.* Section 9(d) authorizes a county to place all constitutionally dedicated property tax revenue into one general fund, without regard to the purpose or source of each tax. *Id.* § 9(d). Courts and this office have construed this provision to authorize a commissioners court to transfer property tax revenue from one constitutional fund to another. *Lewis v. Nacogdoches Cty.*, 461 S.W.2d 514, 518 (Tex. Civ. App.—Tyler 1970, no writ); Tex. Att'y Gen. Op. Nos. GA-0153 (2004) at 6, H-194 (1974) at 3 (explaining that the constitutional amendment resulting in subsection (d) was intended to "allow unrestricted comingling and transfer of these funds"). Thus, Concho County may transfer article VIII, section 9(a) property tax revenue from the county road and bridge fund to the general fund, and it may use that money to pay commissioners' salaries.[3]

In addition to levying a property tax, counties credit a portion of the motor vehicle registration fees to the county road and bridge fund. *See* TEX. TRANSP. CODE § 502.198(b)–(c). Chapter 502 of the Transportation Code requires the annual registration of motor vehicles and imposes registration fees. *See id.* §§ 502.040(a) (requiring registration), 502.190 (requiring the Department of Transportation to establish a schedule of registration fees). The county assessor-collector must credit a portion of those fees to the county road and bridge fund on a weekly basis. *See id.* § 502.198(b)–(c). The Legislature expressly prohibited a county from using that fee revenue to fund a commissioner's salary:

> Money credited to the county road and bridge fund under Section 502.198 *may not be used to pay the compensation of the county judge or a county commissioner.* The money may be used only for the construction and maintenance of lateral roads in the county, under the supervision of the county engineer.

*Id.* § 502.1985(a) (emphasis added); *see also* TEX. CONST. art. VIII, § 7-a (providing for net revenues derived from motor vehicle registration fees to be used only for specific road purposes).

---

[2] *See* http://www.co.concho.tx.us/default.aspx?Concho_County/Tax.Rate.

[3] Article VIII, subsection 9(c) permits the Legislature to authorize additional property taxes to be levied and collected for further maintenance of the public roads. TEX. CONST. art. VIII, § 9(c). Pursuant to this provision, the Legislature enacted section 256.052 of the Transportation Code authorizing a county to adopt an additional ad valorem tax "for the further maintenance of the county roads." TEX. TRANSP. CODE § 256.052(a). Regardless of where the county places such funds, they may be used only for "the further maintenance of the public roads." TEX. CONST. art. VIII, § 9(c). A county may also levy an additional property tax under article VIII, section 1-a for the "construction and maintenance of Farm to Market Roads or for Flood Control." *Id.* art. VIII, § 1-a. A county may use revenue from this tax only for its constitutionally designated purpose. *See* Tex. Att'y Gen. Op. Nos. GA-0153 (2004) at 5, H-530 (1975) at 2. If Concho County levies any of these taxes, it must use revenue therefrom for its constitutionally designated purposes.

Thus, Concho County may not use funds deposited in the road and bridge fund pursuant to section 502.198 of the Transportation Code to pay all or a portion of a commissioner's salary.[4]

Alongside the vehicle registration fees applicable statewide, a commissioners court "may impose an additional fee, not to exceed $10, for registering a vehicle in the county," and such fees are "to be credited to the county road and bridge fund." TEX. TRANSP. CODE § 502.401(a), (f). While the section authorizing the collection of the additional fee does not restrict the use of the funds collected, article 8, section 7-a of the Texas Constitution provides that any net revenues derived from motor vehicle registration fees "shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways." TEX. CONST. art. VIII, § 7-a. Thus, a county may not divert these additional vehicle registration fees for other purposes.

Finally, a county may also receive other income from fuel taxes, grants or donations, or fines that it chooses to deposit into the county road and bridge fund. See Tex. Att'y Gen. Op. No. GA-0153 (2004) at 5–6 (addressing whether a county may use its road and bridge funds received from these sources to pay private counsel retained by the commissioners court). Whether a county may use any of these specific monies from the county road and bridge fund to pay a commissioner's salary depends upon the constitutional, statutory, or contractual provisions governing their disposition. Id.

Thus, while a county may use funds not dedicated to a particular purpose to pay a commissioner's salary, funds dedicated specifically for road and bridge work must be used only for that purpose. Your emphasis on the significant roadwork that Concho County commissioners personally perform suggests an argument that a commissioner's salary itself might be considered as funds used for public roads and bridge maintenance. Request Letter at 1. The Legislature expressly authorized certain commissioners to pay the salaries of their road and bridge work employees from the county road and bridge fund, but it did not do so with regard to commissioner salaries. TEX. TRANSP. CODE § 252.006(c) (providing that "an ex officio road commissioner may employ persons for positions in the commissioner's precinct to be paid from the county road and bridge fund"). Furthermore, the extent to which a commissioner spends time on road and bridge maintenance in contrast to other county responsibilities will vary significantly depending on the county and the individual commissioner. With respect to a given commissioner's salary, a county would likely find it difficult to account for the specific amount of the salary allocated directly to county road and bridge maintenance versus other county business. We therefore advise against transferring funds dedicated to only road and bridge work to the general fund to pay for commissioner salaries.

---

[4]"The commissioners court of a county that does not impose a tax for the construction and maintenance of roads and bridges may transfer surplus money derived from the motor vehicle registration fees to any county fund that the court designates and may spend that money for any purpose authorized by Section 7-a, Article VIII, Texas Constitution." TEX. TRANSP. CODE § 256.007. However, because Concho County imposes such a tax, this provision does not allow Concho County to use motor vehicle registration fees for other purposes. Furthermore, even in counties where this provision applies, such funds still may be used only for the purposes authorized by article VIII, section 7-a of the Texas Constitution. Tex. Att'y Gen. Op. No. JC-0250 (2000) at 5.

## S U M M A R Y

A county road and bridge fund may derive income from multiple sources. Whether a county may transfer money from the road and bridge fund to the general fund to pay a commissioner's salary depends on the constitutional, statutory, or contractual provisions governing the disposition of the specific money at issue.

Concho County may transfer article VIII, section 9(a) property tax revenue from the county road and bridge fund to the general fund, and it may use that money to pay a commissioner's salary. However, it may not use funds deposited in the road and bridge fund pursuant to section 502.198 of the Transportation Code to pay all or a portion of a commissioner's salary.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee